<table>
<tr><td>83</td><td>417</td></tr>
<tr><td>87</td><td>30</td></tr>
</table>

<table>
<tr><td>83</td><td>417</td></tr>
<tr><td>134</td><td>228</td></tr>
</table>

CASE 61—PETITION EQUITY—DECEMBER 3.

# Brown v. Ferrell, &c.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. VENDOR'S LIEN.—As between vendor and vendee, a lien for purchase money exists, although it does not appear from the deed that any part of the purchase money remains unpaid.

2. REMAINDERMEN OCCUPY THE POSITION OF VENDEES, and hold subject to the vendor's lien, where the deed is to the vendee for life, remainder to his heirs, and both the life-tenant and the remaindermen then in existence being parties to the action to enforce the lien, the purchaser at the decretal sale acquires an absolute title, free from any claim of after-born children of the life tenant.

3. LIFE ESTATE.—A conveyance to F., to have and to hold unto said F. "during his life, and at his death to his heirs by blood," creates in F. an estate for life, remainder to his heirs.

J. I. LANDES FOR APPELLANT.

No lien exists in favor of the vendors as against the infant remainderman, because the deed shows on its face that the purchase money was paid. (General Statutes, chapter 63, article 1, section 24.)

G. A. CHAMPLIN FOR APPELLEES.

The infant defendant's interest accrued long after the purchase, and
   subject to the payment of the purchase money, which the proof
   shows has never been paid. Appellant, therefore, acquired a perfect
   title by his purchase.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Section 24, article 1 of chapter 63, General Stat-
utes, provides, "that when any real estate shall be-
conveyed, and the consideration, or any part thereof,
remains unpaid, the grantor shall not have a lien for
the same against *bona fide* creditors and purchasers,
unless it is stated in the deed what part of the con-
sideration remains unpaid."

The conveyance in this case by William Ferrell to
his son John contains this provision: to have and
to hold "unto said John Ferrell during life, and at
his death to his heirs by blood."

At the time of the conveyance John, the son, had
no children, but subsequently married, and has one
child, an infant, who is a defendant to the action
and a party to this appeal.

The purpose of this proceeding by the father was
to subject the land sold the son to the payment of
the purchase money; and regarding the infant as
being vested with the title in remainder, both the
vendee, John Ferrell, and his infant child, were
made defendants.

It is plain that the notes for which the land was
sold were executed for the purchase money, and
although the recital in the deed acknowledges pay-
ment in full, no part of the purchase money was, in
fact, paid. The parties to the conveyance supposed
that the recital in the notes that they were executed

for the land gave to the vendor a lien for the purchase money.

In order to retain a lien against *bona fide* creditors and purchasers, it must appear from the conveyance what part of the consideration remains unpaid; but as between the parties to the instrument, the vendor and the vendee, the lien exists for the purchase money whether mentioned in the deed or not, and, therefore, the vendor in this case had the right to subject the entire estate to the payment of the purchase money.

The infant child had a vested interest in the land, but still those in remainder occupied the position of purchasers as well as the life tenant, and held the land subject to the vendor's lien.

Section 10, article 1 of chapter 63, General Statutes, provides: "If any estate shall be given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or descendants, the same shall be construed to be an estate for life only in such person, and a remainder in fee-simple in his heirs, or the heirs of his body, or his issue or descendants."

This conveyance, by reason of the statute, under which it must be construed, gives to John an estate for life, remainder to his heirs.

The child, who is now the remainderman, and who would take the estate in the event the father should die, being before the court when the judgment was rendered directing the land sold for the purchase money, the purchaser at the decretal sale became vested with the absolute title.

Neither after-born children, nor the heirs of John, the grantee, can assert any "claim" after John's death, because all who had any interest either for life or in remainder were before the court when the judgment of sale was entered. To hold differently would preclude the vendor from enforcing his lien, or cause the judgment or proceedings to be opened by those who might possibly have an interest in the land if the life tenant had never been divested of title.

The proceedings below were had in good faith, and whether so or not, the court below having complete jurisdiction over the subject-matter, as well as all the parties in interest, the purchaser's title is perfect, and the judgment below requiring him to take the land must be affirmed.