CASE 17—PETITION EQUITY—JANUARY 15.

# Mitchell v. Simpson.

### APPEAL FROM BOURBON CIRCUIT COURT.

CONSTRUCTION OF DEVISE—" BODILY HEIRS."—A testator devised to his daughter his land lying in and around the town of C., and also 200 acres of land in another county, adding: " The said land is willed to my daughter and her bodily heirs, except the 200 acres, which she is to have the right to dispose of as she wishes." *Held*—That the words " bodily heirs " were used in the sense of children, and that the testator's daughter takes a life estate in the lands lying in and around the town of C., remainder to her children.

RUSSELL MANN FOR APPELLANT.

A devise to a person " and her bodily heirs " of a tract of land, and a devise of another tract " to dispose of as she wishes," gives a life estate in the first tract, and an absolute fee in the second. " Bodily heirs " in such connection is used in the sense of children. (Righter v. Forrester, 1 Bush, 278; Lockland v. Downing, 11 B. M., 33; Prescott v. Prescott, 11 B. M., 58; Brown v. Allen, 14 B. M., 144.)

McMILLAN & TALBOTT FOR APPELLEE.

The term " bodily heirs " used in the first devise creates an estate tail which, by statute, is converted into a fee simple in the devisee. (Johnson v. Johnson, 2 Met., 332; Roper on Legacies, 698, 730, 734; Moore v. Hoover, 4 Mon., 221.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The sole question in the case is, what is the proper construction of the third clause of Jessie Hall's will, which reads as follows: "I give to my daughter, Anna Simpson, one hundred and sixty acres of land lying in and around Centerville, Ky. Said land is allotted to her and valued at fifty dollars per acre. I also will her two hundred acres of land in Scott county, Ky., off of what is known as sheep farm. Said land is allotted and valued to her at eighteen dollars and fifty cents

per acre. The said land is willed to my daughter and her bodily heirs, except the two hundred acres in Scott county, Ky., which she is to have the right to dispose of as she wishes."

The fourth clause of the will contains a devise to his daughter, Paulina Henry, in which is this language; "Said lands I will to my daughter, Paulina, and her bodily heirs, excepting the last two named tracts, which she may sell if she wishes."

The estate which he devises to his son, James F. Hall, is devised to him absolutely.

It is well settled that the words "heirs of the body," "heirs lawfully begotten of the body," and other similar expressions, are appropriate words of limitation, and must be construed as creating an estate tail, which, by our statute, is converted into a fee simple, unless, from the entire will, it reasonably appears that the testator used said words, not in their technical sense, but as synonymous with the word "children." If said words are used in the latter sense, then they are construed as words of purchase, and not in the technical sense as words of limitation, which are construed by our statute as conveying a title in fee to the immediate devisee.

In construing the language of this will, it appears, at first blush, that the testator was endeavoring to create a life estate in his daughter, Mrs. Simpson, with remainder to her children, in the land lying around Centerville, and that he used the words "her bodily heirs" as synonymous with the word "children," as expressive of that intention.

The question in the case of Righter v. Forrester,

1 Bush, 278, arose on the construction of a will similar to this in the particulars above mentioned, in which it was held that the words "bodily heirs" were used by the testator in the popular sense of children, and that they took under the will as purchasers. Said case clearly distinguishes the case at bar from the case of Johnson v. Johnson, 2 Met., 331.

We think that the words "bodily heirs" were used by the testator, Hall, in the sense of children, and that Mrs. Simpson took a life estate in the land lying around Centerville, and her children took a remainder interest therein.

The judgment of the lower court sustaining the demurrer to the appellant's answer is reversed, and the case is remanded for further proceedings consistent with this opinion.