CASE 10—PETITION EQUITY—MAY 30.

# Mefford v. Dougherty.

APPEAL FROM SCOTT COURT OF COMMON PLEAS.

·CONSTRUCTION OF DEVISE—LIFE ESTATE.—A testator devised to his son
" and to his children, the heirs of his body," a tract of land, which he
referred to in a subsequent part of the will as the land " I have given
my son." *Held*—That the son takes only a life estate, remainder to
his children.

VICTOR F. BRADLEY FOR APPELLANT.

'The devise to George Dougherty "and to his children, the heirs of his
body," gives a joint estate in fee to said Dougherty and his children.
(Carr v. Estill, 16 B. M., 312; 1 Bush, 279; 10 B. M., 59; *Idem,*
106 ; 2 Met., 332; Powell on Devises, p. 500.)

OWENS & FINNELL FOR APPELLEE.

'The devise to George Dougherty "and to his children, the heirs of his
body," should be construed as giving to said Dougherty a fee-simple.
(Dunlap v. Shreve, 2 Duv., 338 ; 2 Met., 335.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This is an action to enforce a contract of purchase,
made between George Dougherty and the appellant.
The defense is, a want of title. At first impression,
it would seem that the testator, in the devise made to
his two children, intended to invest them with the fee
in the land; but a more careful consideration of the
testamentary paper would necessitate the violation,
not only of well-recognized rules of construction, but
require the court to pervert the meaning of the word
·children, in order to reach such a conclusion. The tes-
tator owned a small tract of land, containing about one
hundred and fifty acres, and died, leaving surviving

him two children—a son and daughter.   The language
of the will is: "I give to my son George, and to his
children, the heirs of his body, about fifty acres of
land.   *   *   The land I have given my son George to
be *bounded*," &c.   The same provision is made in the
devise to his daughter, except that the devise to her is
burdened with the payment of an eight hundred dollar
debt.   She gets one hundred acres.   A devise to the
son and his bodily heirs, or to the son and his issue for-
ever, would vest no title in the children, but the lan-
guage used would be construed as passing from the
devisor to the devisee such an estate as would descend
from the devisee to those who were entitled to inherit
from him.   The words enlarge instead of restricting
the interest devised; and, by our statute, pass to the
devisee the whole of the estate devised; that is, a fee-
simple title.   The bodily heirs or issue do not take as
purchasers, unless, by the will or deed, a life estate is
carved out of the fee by the testator.   A devise to A
for life, and after his death to his heirs, or the heirs of
his body, nothing else appearing, vests the heir as a
purchaser with the remainder interest.   (See section
10, article 1, chapter 63, General Statutes.)

Where the devise is to A and his children, the chil-
dren take as purchasers, and the question generally is,
whether A is vested with a life estate, or only holds a
joint interest with his children.   The word *heirs*, or
heirs lawfully begotten, embrace all the descendants
of the devisee or grantee; but the word children
embraces only immediate descendants, and when used
in a deed or will, the children take as purchasers, and
are vested, if living, when the devise is to one and his

children, with a present interest, or take, under the devise, as they come into being. It is argued, with much plausibility, that the words *heirs of his body*, immediately following the word children, explain the meaning of the testator to be a devise to his son George and his bodily heirs. The devise is to his son, George Dougherty, *and to his children, the heirs of his body*, and to arrive at such a conclusion you must erase from the devise the words *and to his children*, leaving the devise to George and his bodily heirs, or the heirs of his body, which, if done, might defeat the intent of the testator.

He devises one hundred acres of the land to his daughter in the same way, *to her and to her children, the heirs of her body*, and burdens the devise with the payment of a debt of eight hundred dollars. Now, this burden rests on the entire devise, and not alone on the interest the daughter is to take; and if the devise to George, which is now in controversy, was erased from the will of the testator altogether, and only the one devise appeared, and that to the daughter, it would be held at once that the purpose of the testator was to secure the land to the daughter and her children, and that she had but a life estate.

So the devise to the son, by which his estate is limited, should not be enlarged upon the mere probability that the testator intended to give him the fee. It is true the testator, in speaking of the devises to his children, says, when alluding to the boundary, "*the land* I have devised *to George;*" "the land I have devised to my daughter;" but such expressions are not incon-

.sistent with the devise as it reads, and some meaning must be attached to the word children.

The will was evidently written by one of more than ordinary intelligence, embracing in a few words the devise of the whole estate, and the draftsman as well as the testator must have had some reason for inserting the word *children*, and to divest them of all interest would tend to defeat the intention of the testator.

The judgment is, therefore, reversed, with directions to dismiss the petition or cancel the contract if the .appellant desires it.