CASE 72—ACTION BY H. H. SIMS AS EXECUTOR OF THE WILL OF RICHARD E. SKINNER FOR A CONSTRUCTION OF SAID WILL.—JUNE 18.

## Sims, &c. v. Skinner's Exr., &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY BRANCH· (2D DIV-)—
SAMUEL B. KIRBY, JUDGE. ,

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. AFFIRMED.

WILLS—CONSTRUCTION—ESTATE CREATED.

1. A will devising property to testator's daughter and her children, gives the daughter an estate for life with remainder to her children.

HERMAN MORRIS, ATTORNEY FOR APPELLANTS.

The will in controversy is in the handwriting of the testator, and really contains but the one clause, viz.: "After all my just debts and funeral expenses have been paid, I give and be-

queath to my daughter, Ida A. Skinner Sims, and her children
all my property, real, personal and mixed."

There seems to us but one construction possible in this case,
and that is, that Mrs. Sims and her children are joint devisees,
and take each an equal interest in the estate left by the testator.

HENRY L. STONE, ATTORNEY FOR APPELLEES.

Following the weight and trend of the authorities cited, we in-
sist that the judgment of the court below, holding that the
daughter took a life estate, and her children in being, and that
might hereafter be born, took jointly the remainder of the estate
devised in fee, was the proper construction to be given to the
will in controversy.

### CITATIONS.

Bodine v. Arthur, 91 Ky., 53; Baskett v. Sellars, 93 Ky., 2;
Adams v. Adams, 20 R., 655; Foster v. Shreve, 6 Bush, 522; 1
Mefford v. Dougherty, 89 Ky., 58; Melcher v. Simpson, 88 Ky.,
125; McIlvain v. Porter, 9 R., 899; Childers v. Logan, 22 R.,
1239; Kuhn v. Kuhn, 24 R., 112; Mayes v. Kam., 24 R., 2110;
Koenig v. Kraft, 9 R., 948.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

This action was brought by the appellees, H. H. Sims,
executor of the will of Richard E. Skinner, and his wife,
Ida A. Sims, against the appellants, Eugene Everett Sims,
Harry Bruce Sims, Raymond Sims, and Otis Sims, infant
children of the appellees, H. H. and Ida Sims to obtain a
construction of the will of Richard Skinner, deceased, the
father of Mrs. Sims, which was duly probated by the Jef-
ferson county court on the 26th of January, 1904. The will
reads as follows:

"Jan. 25, 1897.

"I, Richard E. Skinner, of the county of Jefferson, State
of Kentucky, being of sound mind and disposing memory,
do make my last will and testament in manner and form
following:  After all my just debts and funeral expenses
have been paid, I give and bequeath to my daughter, Ida

A. Skinner Sims, and her children, all of my property, real, personal and mixed. I appoint H. H. Sims sole executor of this my last will and testament without bond as I have confidence in him.

"This is in my own handwriting, and needs no witness. In testimony whereof, I hereunto set my hand and seal, and publish and decree this to be my last will and testament.

"This Jan. 25, in the year of our Lord, one thousand, eight hundred and ninety-seven.

"(Signed)                    Richard E. Skinner."

It is alleged in the petition that testator at the date of will, and also at the time of his death, was a widower, and that the plaintiff, Mrs. Sims was his only child; that, at the death of testator and the probate of his will, she had four living children, aged respectively eight, six, four and two years; that the estate left by testator consisted of real estate situated in Jefferson county of the value of about $30,000, and personal estate of the value of about $20,000; that Mrs. Sims at the date of the will, in January, 1897, was a young married woman, with one child. It is also alleged that under the will the plaintiff, Mrs. Ida Sims, took an estate for life in all the property of testator, with remainder in fee to her children, and asked that the court might so adjudge. A guardian *ad litem* was appointed to represent the infant defendants, who filed a general demurrer to the petition, which was overruled, and it was adjudged by the chancellor that Mrs. Sims took a life estate in all the property disposed of by the will, with remainder to her children living at the time of the death of testator, and such other after-born children as she might thereafter have, with right in Mrs. Sims during her life to receive the rents, income, and profits from the estate devised. The guardian *ad litem* has brought the case up for review, and insists that it was the

intention of testator to devise his estate to his daughter and her four children living at the time of his death jointly.

In Koenig v. Kraft, 7 S. W., 622, 9 Ky. Law Rep., 945, a testator devised all of his estate to "his wife and her only child's sole use and benefit." These words were held to vest a life estate in the wife, with remainder to the child. In that case this court said: "While gifts and conveyances to a wife and child under the ordinary rule would create a joint tenancy, the courts, in the construction of such instruments, when executed by the husband to the wife and children, are always inclined to consider the instrument as creating an estate for life in the wife, with remainder to the child; and, where there is any language used in the instrument from which an inference of such intention appears, the chancellor will decline to follow the ordinary rule making them joint tenants." In Mefford v. Dougherty, 89 Ky., 58, 11 R., 157, 11 S. W., 716, 25 Am. St. Rep., 521, the testator devised to his "son and to his children, the heirs of his body," a tract of land; and it was decided that the son took a life estate, and his children a remainder. In Mitchell v. Simpson, 88 Ky., 125, 10 R., 708, 10 S. W., 372, the devise was to "my daughter and her bodily heirs." It was held that the words "bodily heirs" were used in the sense of "children," and that testator's daughter took a life estate with remainder to her children.

In Adams v. Adams, 47 S. W., 335, 20 Ky. Law Rep., 655, the devise was to "my daughter, Martha Jane Adams, and her children in their exclusive right." It was held that it was the intention of testator to give the whole estate to his daughter for life, and at her death to her children. The court said: "This seems to be the trend of modern decisions on the use of the words here involved. If a joint estate is given, the quantity of interest each takes will re-

main uncertain, and shift on the birth of each after-born child.. For in such case the devise opens up for the benefit of all the children, whether in existence at the time the will speaks or not. It is hardly to be supposed that testator intended to create such an estate. Moreover, the father had in mind the restriction of his bounty to his daughter and her children exclusively—a result more nearly accomplished by the construction adopted than by an immediate division of the estate." While ordinarily gifts and conveyances to a mother and her children, or a father and his, would create a joint tenancy, the decisions of this court quoted above have established a different rule of construction for gifts from a father to his daughter and her children, or to a son and his children, or from a husband to a wife and children. The reason for the difference is forcibly stated in the case of Adams v. Adams, quoted *supra,* and its wisdom is very strikingly exemplified in the case at bar. At the date of the will in controversy Mrs. Sims only had one child, while at the date of its probation she had four. If testator had died immediately after the execution of his will, his daughter would have taken an undivided half of his estate, while, if she had taken at the date of its probation, her interest would be reduced to one-fifth, and might, in the event of after-born children, be still further reduced.. It would be well-nigh impossible under any other rule of construction to effectuate the intention of a father or husband to provide for a daughter or wife and living and after-born children alike.

　　Judgment affirmed.