CASE 13.—ACTION BETWEEN MARY B. LAWSON AND OTH-
ERS AND ANNA L. TODD AND OTHERS TO DE-
TERMINE A CERTAIN INTEREST IN LAND.—May
22. ·

# Lawson, &c. v. Todd, &c.

Appeal ,from Jefferson Circuit Court (Chancery
Branch, First Division).

SHACKELFORD MILLER, Judge.

From the judgment plaintiffs appeal—Reversed.

1. Deeds—Estate Conveyed.—A conveyance to L. and her bodily
heirs after her death, parties of the second part, created an
estate tail at common law, which was converted by Ky. St.
1903, section 2343, into a fee in L., under section 2342, de-
claring that, unless a different purpose appears by express
words or necessary inference, every estate in land created
shall be deemed a fee simple or such other estate as the
grantor or testator was entitled to dispose of.
2. "Party"—"Parties."—The words "party" or "parties" are com-
monly employed interchangeably in deeds, regardless of
whether their antecedents are singular or plural.

WM. J. STEINERT for appellants.

CLASSIFICATION OF QUESTIONS DISCUSSED.

1. In the deed under construction appellant, Mary B. Lawson,
took a fee simple estate. (Kentucky Statutes, 2343; Brown v.
Alden, 14 B. Mon., 141; Johnson v. Johnson, 2 Metcalfe, 331;
Slayton v. Blount, 93 Ala., 578.)

2. The title is a marketable one. (Maupin on Maketable Title,
sec. 5, also page 680; Bell v. Holtby, L. R., 15 Eq., 178; Fair-
child v. Marshall, 42 Minn., 14, 43 N. W., 563.)

BARKER & WOODS for appellees.

Lawson, &c. v. Todd, &c.

ANALYSIS OF ARGUMENT AND AUTHORITIES.

1. Appellant Mary B. Lawson, did not take a fee simple estate under the deed from E. T. Polk, in 1871. (Brann v. Elzey, 83 Ky., 440; Lou. Trust Co. Gd'n v. Erdman, 22 Ky. Law Rep., 729; Combs v. Eversole, 23 Ky. Law Rep., 932; Jarvis v. Quigley, 10 B. Mon., 104; 15 Am. & Eng. Enc. of Law, 2d Ed., p. 323; Prescott v. Prescott, 10 B. Mon., 56.)

2. The subsequent deed of partition between Mary B. Lawson and her children did not give them each a fee simple in their respective allotments.

3. The title is not a marketable one. (Bisham Equity, 379; Pyrke v. Waddington, 10 Hare, 1; 1 Ames. Cases in Eq. Jur. p. 269; Stapylton v. Scott, 16 Ves., 272; 1 Ames Cases, page 266 and note; Cornell v. Andrews, 35 N. J. Eq. 7 and note.)

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The question in this case is whether or not Mary E. G. Lawson took a life estate or the fee under the following deed: "This deed made this 9th day of' March, 1871, between E. D. Polk, of the first part, and my daughter Mary E. G. Lawson, wife of Alexander Lawson, and her bodily heirs after her, parties of the second part, both of the county of Jefferson and State of Kentucky, to wit: For and in consideration of one dollar cash in hand paid and the natural love and affection I have for my daughter Mary E. G. Lawson and her bodily heirs after her, do give, grant, alien, convey and confirm unto the parties of the second part forever, all of a certain tract or parcel of land in the county of Jefferson, described as follows: * * * To have and to hold to the said parties of the second part, forever, and singularly, the tracts thereunto belonging. * * * The said party of the first part covenants to and with the parties of the second part that it is free from all encumbrances whatever,

and warrants and forever defends the same against all claims of all persons whatsoever.''

Questions very similar to the one here involved have been before this court in a number of cases, and an examination of them discloses the fact that there is seeming conflict in the opinions; but this conflict is more apparent than real, and usually resulted from an effort upon the part of the court to arrive at the intention of the grantor gathered from the relation of the parties as well as from expressions indicating his intention that might be found in the instrument under consideration. It is a rare thing that two deeds or wills containing the expression ''bodily heirs'' are in other particulars precisely alike. The tendency, however, of the court is to construe deeds like the one before us as vesting the fee rather than a life estate. In favoring this construction we have followed the legislative intent as expressed in section 2342 of the Kentucky Statutes of 1903, declaring that, ''unless a different purpose appear by express words, or necessary inference, every estate in land created by deed or will without words of inheritance shall be deemed a fee simple or such other estate as the grantor or testator had the right to dispose of,'' and section 2343, providing that ''all estates heretofore or hereafter created, which in former times would have been deemed estates entailed, shall henceforth be held to be estates in fee simple.'' As illustrating the purpose of the court and the trend of its decisions, as well as the difficulty in formulating any rule that may safely be depended upon in the construction of deeds similar to this one, we call attention to the following cases: In Johnson v. Johnson, 2 Metc. 331, the court said: ''It is the settled rule, established by numerous adjudications of this court, and recognized and acted

upon in several very recent cases, that the words
'heirs of the body,' 'heirs lawfully begotten of the
body,' and other similar expressions are appropriate
words of limitation, and must be construed as creat-
ing an estate tail, which by our statute is converted
into a fee simple, unless there be something else in the
deed or will from which a reasonable inference can
be drawn that the words were used in a sense differ-
ent from their legal and technical signification.'' This
principle has been recognized and applied in the
following cases: Pruitt v. Holland, 92 Ky., 641, 18 S.
W. 852, 13 Ky. Law Rep. 867; Hall v. Moore, 105 S.
W. 414, 32 Ky. Law Rep. 56; Handy v. Harris, 105
S. W. 378, 32 Ky. Law Rep. 225; Jones v. Mason, 53
S. W. 5, 21 Ky. Law Rep. 842; Davis v. Davis, 65 S.
W. 122, 23 Ky. Law Rep. 1132; McGennis v. McGennis,
29 S. W. 333, 16 Ky. Law Re.p 598; Lanham v. Wil-
son, 22 S. W. 438, 15 Ky. Law Rep. 109; Ruby v.
Ruby, 15 S. W. 659, 12 Ky. Law Rep. 879; Short v.
Terry, 22 S. W. 841, 15 Ky. Law Rep. 241; True v.
Nicholls, 2 Duv. 547. On the other hand, there is a
line of cases holding that under a conveyance to the
grantee "and the heirs of his body" or "his bodily
heirs" the grantee takes a life estate only, with re-
mainder to his children. Among these may be not-
iced Prescott v. Prescott's Heirs, 10 B. Mon. 56,
Brann v. Elzey, 83 Ky. 440, 7 Ky. Law Rep. 539,
Righter v. Forrester, 1 Bush, 278, Mitchell v. Simp-
son, 88 Ky. 125, 10 S. W. 372, 10 Ky. Law Rep. 708,
and Louisville Trust Co. v. Erdman, 58 S. W. 814,
22 Ky. Law Rep. 729, in which it was held that "bod-
ily heirs" or "heirs of his body" were words of pur-
chase and not of limitation, and that they were
intended to be synonymous with "children." Again,
in Combs v. Eversole, 64 S. W. 524, 23 Ky. Law Rep.

932, where the conveyance was "to Catherine D. Bolin and the heirs of her body. * * * to have and to hold unto the said Catherine D. Bolin and the heirs of her body, their heirs and assigns, forever," with covenant of warranty unto "the parties of the second part, their heirs and assigns, forever," it was held that Catherine D. Bolin, and her children took a joint estate in the land.

In view of the uncertainty in arriving at the intention of the maker of an instrument like a deed or a will in the use of the words "heirs of his body," "bodily heirs," or the like, and when the mind is left in doubt as to the true meaning, we regard it as safer to conclude that the conveyance was designed to pass the fee and not a life estate or a joint interest. And this construction should prevail, in the absence of language indicating a purpose, to invest the person named as grantee with only a life estate or a joint interest. It is more in harmony with the legislative intent as expressed in the statute than would be a construction that only gave to the named grantee a life estate or an interest less than the fee. Where the word "children" is used, as when the estate is given to "A. and his children," the uniform ruling has been that A. will not take the fee; but whether he will take a life estate or a joint estate with the children is to be determined from a consideration of the relationship of the parties and the language of the instrument. McFarland v. Hatchett, 118 Ky. 423, 80 S. W. 1185, 26 Ky. Law Rep. 276; Hall v. Wright, 121 Ky. 16, 87 S. W. 1129, 27 Ky. Law Rep. 1187. And so, when the intention as manifested in the language is to convey a life estate with remainder over, there has been no disposition to defeat by construction the purpose of the grantor. But in the deed before us the only

grantee named is Mary Lawson. There is nothing in the instrument to indicate that the grantor only intended that she should take a life estate. There is no remainder over, nor are the words "children" or "child" used. On the other hand, it is manifest that under the rules of the common law the words "and her bodily heirs after her" would have created an estate tail, which by our statute is converted into the fee. Johnson v. Johnson, 2 Metc. 331; Pruitt v. Holland, 92 Ky. 641, 18 S. W. 852, 13 Ky. Law Rep. 867. We do not attach serious importance to the fact that the words "parties of the second part" are used. The words "party" or "parties" are commonly employed interchangeably in deeds, and we often find the expression "party of the first part" when there are several grantors, and the words "parties of the second part" when there is only one grantee. This deed appears to have been written by an experienced person; and if the intention had been to give to Mary Lawson only a life estate, or to give the property to her and her children jointly, it would have been so written. In our opinion she took the fee.

Wherefore the judgment is reversed for proceedings in conformity with this opinion.