CASE 32.—ACTION BY PETER EGGNER AGAINST BEN HOVEKAMP AND OTHERS.—June 8, 1909.

## Eggner v. Hovekamp, &c.

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for defendants, plaintiff appeals—Affirmed.

1. Deeds—Construction — Estates Created — "Bodily Heirs"—"Children."—Ky. St. Sec. 2343 provides that all estates which would have been deemed estates entailed shall henceforth be held to be estates in fee simple. Section 2345 provides an estate for life, and after death if granted to his heirs, or the heirs of his body, or his issue or descendants, shall be construed an estate for life, with remainder in fee simple to his heirs, heirs of his body, or his issue or descendants. Held, that a deed transferring to the grantee certain described land "to have and to hold the same her lifetime, then to her bodily heirs," conveys a life estate to the grantee, and a fee simple to her bodily heirs, as the words "bodily heirs" were used in the sense of "children," and were intended to be words of purchase and not of limitation.

2. Partition—Act of Parties—Effect of Conveyance.—Where two heirs inherit a tract of land, and, in order to partition the same, one executes a deed to the other of a portion thereof, and by request of the grantee the deed is made to convey a

life estate to the grantee, then to her bodily heirs, the title taken by the grantee is only a life estate.

3. Partition—Act of Parties—Conveyance—Consideration.—No consideration is necessary to support a deed of partition.

4. Deeds—Sufficiency of Evidence—Partition or Bargain Sale.— Evidence, in an action to enforce a mortgage lien, held to show that the deed under which the mortgagor held was one of bargain and sale, and not of partition.

W. M. OLIVER for appellant.


### AUTHORITIES CITED.

1. Land held by ancestor under parol purchase occupied by widow and two daughters for many years after father's death, then partitioned, and deed made by husband of one daughter and herself to the other daughter, is by inheritance and not by purchase, notwithstanding husband may have procured a conveyance to himself from some third person, especially when the land was regarded as the joint property of the two daughters and so acted upon by all parties.

2. An estate in lands taken by descent, in fee, can not by words of limitation in what is the equivalent to a partition deed, be reduced to a life estate.

3. Words, "bodily heirs," and words of like import at common law creates an estate tail. Blackstone Vol. 2, page 241, which is by Sec. 2343 Ky. Statutes (Section 2045 Statutes of Kentucky) converted into an estate in fee simple. (Kentucky Statutes, Sec. 2343).


### RULE FOR CONSTRUCTION OF WILLS—DEEDS.

4. In cases of apparent conflict in different parts of will, the rule of construction is to give effect to every word, and ascertain, if possible, the intention of the testator, but when the first part of the will can not be reconciled with the latter part it must yield to such latter part, but this rule does not obtain in construing deeds—but the converse of this rule—the latter part yields to the first part.

5. "A man's first deed and his last will shall bind." Thus the habendum shall yield to the granting clause. Dembitz on Land Titles, Vol. 1, pages 332-3; Handy v. Harris, 32 Ky. L. R., page 225; Short v. Terry, 15 Ky. L. R. 241.

A. W. BARKLEY for appellees.

LIST OF AUTHORITIES.

Kentucky Statutes, Sec. 2345; Mitchell v. Simpson, 88 Ky. 125; Hall v. Wright, 87 S. W. 1129; 27 Rep. 251; Brown v. Ferrell, 83 Ky. 417; Melford v. Dougherty, 89 Ky. 58; Brumley v. Brumley, 89 S. W. 182; Bodine's Adm'r v. Arthur, &c., 91 Ky. 53; Carr v. Estill, 16 B. Mon. 309; Clubb v. King, 30, Rep. 830; 99 S. W. 935.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

Appellant, as a creditor of Betsy Ann Mathis, following her death brought this action against her administrator and children for a settlement of her estate, and to recover $475, the amount of two notes which the decedent executed to him a year or more before her death. The notes were for a balance and the larger part of the purchase price of a tract of land in McCracken county, sold and conveyed the decedent by appellant in 1906, their payment being secured by a vendor's lien on the land expressly retained in the deed. In 1907 appellant, as further security for the payment of the two notes referred to, caused the decedent to execute to him a mortgage upon a 65-acre tract of land lying in Marshall county. The mortgage was duly acknowledged and recorded. In the action brought by appellant against the administrator and heirs at law of the decedent he sought to enforce the vendor's lien on the McCracken county land, and also the mortgage lien on the Marshall county land, and prayed for the sale of both to pay his two notes. The appellees (administrator and heirs at law of the decedent) resisted the enforcement of the mortgage lien by a sale of the Marshall county land, and by answer denied the existence of such lien, and alleged that the decedent at the time of the execution of the mortgage and down to the time of her death, only had and owned a life estate in the Mar-

shall county land, which terminated at her death, at
which time they as remaindermen became the absolute
owners, and entitled to the possession of the land. The
circuit court adopted that view of the case and con-
sequently adjudged that appellant's mortgage be-
came of no effect at the death of the decedent, and
that the children of the latter were the owners of the
Marshall county land, and from that judgment this
appeal is prosecuted.

We must therefore look to the deed by which the
Marshall county land was conveyed the decedent to
determine the character of her title thereto. The deed
was executed to her by W. H. Feesor and wife, Parlee
Feesor, the latter being the decedent's sister.  The
body of the deed reads as follows:  "Know all men by
these presents that we, W. H. Feesor and Parlee, his
wife, of Marshall county, Kentucky, for and in con-
sideration of $50.00, in hand paid, does hereby grant,
bargain and sell and convey unto Betsy Ann Mathis,
her maiden name being Warford, to her and her bod-
ily heirs the following land, viz:  Sixty-five acres of
the west end of the northwest, or of section 31 town-
ship 6, range 3 east, in Marshall county, Kentucky, the
said Betsey Ann Mathis to have and to hold the same
her lifetime, then to her bodily heirs, the said Feesor
and wife covenanting that they will warrant and de
fend the property hereby conveyed. In witness where-
of we have hereunto set our hands and seals this Jan-
uary 8, 1870." It is contended by appellant that the
above deed created an estate tail, such as section 2343,
Ky. St., converts into an estate in fee. That section
declares that "All estates heretofore or hereafter
created, which, in former times would have been
deemed estates entailed, shall henceforth be held to
be estates in fee simple. * * *" The words "bodily

heirs'' appearing in the deed are, it is claimed, words
of limitation, the use of which shows it was the pur-
pose of the parties to the deed to create an estate
tail in spite of the inhibition of the statute, supra. We
do not concur in this construction of the deed. In our
opinion the words "bodily heirs" were used in the
sense of "children," and were therefore intended to
be words of purchase, and not of limitation. This
construction is supported by the words connected
with and immediately preceding, the words "bodily
heirs," viz: "The said Betsy Ann Mathis to have
and to hold the same (the land described in the deed)
her lifetime, then to her bodily heirs. * * *" There is
yet another section of the Kentucky statutes which
removes any doubt that might otherwise exist as to
the meaning of the deed under consideration, for it
was intended to apply to deeds of its wording. We re-
fer to section 2345, which provides: "If any estate
shall be given by deed or will to any person for his
life, and after his death to his heirs, or the heirs of
his body, or his issue or descendants, the same shall
be construed to be an estate for life only in such per--
son, and a remainder in fee simple in his heirs or
the heirs of his body, or his issue or descendants."
The following authorities construing and applying
section 2345 will be found clearly in point: Brown v.
Ferrell, 83 Ky. 417; 7 R. 461; Mefford v. Daugherty,
89 Ky. 58, 11 S. W. 716, 25 Am. St. Rep. 521; 11 R.
157; Jones v. Carlin (Ky.) 96 S. W. 885; 29 R. 1077;
Mitchell v. Simpson, 88 Ky. 125, 10 S. W. 372; 10 R.
708; Clubb v. King (Ky.) 99 S. W. 935, 30 R. 830.

It is further insisted for appellant that the deed
in question should be treated as a deed of partition,
and its attempt to create a life estate in Mrs. Mathis,
if it can be so construed, should be ignored because,

it is claimed the whole tract of which it was a part was owned by Jacob Warford, who was the father of Mrs. Mathis and Mrs. Feesor, and that at his death it descended to them as his only children and heirs at law. The only grounds for this contention are found in the deposition of Mrs. Feesor and T. H. Harrison. The former testified that her father once lived for a short time on the Marshall county land, but that he was not residing on it when he died, but near a mill he owned in the same neighborhood; and she was unable to say that he ever owned this land or claimed to do so. Harrison, who is a surveyor, in 1869 or 1870 surveyed the 65 acres of land in Marshall county conveyed Mrs. Mathis by Feesor and testified that he knew Jacob Warford when a boy and then heard some one say he claimed or had lived upon the land. No deed or other writing was produced or claimed to exist which showed that Warford had any title to the land. The testimony referred to was altogether vague and shadowy and wholly insufficient to authorize the conclusion that Warford ever owned, or claimed to own the land. But if it had been shown that he did so, and died the owner of it, and that at his death it descended under the statute to Mrs. Mathis and Mrs. Feesor, those facts would not have prevented Mrs. Mathis from having her interest in the land conveyed her by her sister, and the latter's husband, in such a manner as to vest in her a life estate therein, with remainder to her children. Mrs. Feesor also testified that the deed was made as Mrs. Mathis requested, and, if so, it cannot be doubted that it was her purpose to take only a life estate, with remainder to her children; and, such being her request, no other person can complain that she took only a life estate in the land.

If required to say whether the deed she received from Feesor and wife was one of partition or of bargain and sale, we would be compelled to say that it belonged to the latter class. If this were not so, why did the deed recite that it was for a money consideration and Mrs. Mathis had paid $50 for the land? No consideration was necessary to support a deed of partition. It must therefore be presumed that she paid the $50 and certainly it was not denied that she did; besides, as the land, according to the record, was flat marsh land, $50 in 1869 or 1870 was probably as much as it was worth.

Having no cause to disagree with the conclusion reached by the circuit court, the judgment is affirmed.