## Hunt, et al. v. Hunt, et al.

(Decided September 18, 1913).

### Appeal from Pike Circuit Court.

Deeds—Construction of.—In the construction of deeds, the effort of the court always is to get at the intention of the parties, and if

the intention can be arrived at, although it may be out of touch with some expressions in or parts of the instrument, it will have a controlling influence in its interpretation. In construing a deed made by a father to the husband of his daughter and her heirs and assigns, coupled with the provision that the children of his daughter by a former marriage should share equally in the land with her other heirs, it is held that the grantee took a life estate with remainder to the children of his wife.

R. H. COOPER, J. M. ROBERSON, STRATTON & STEPHENSON and C. M. WHITT for appellants.

ROSCOE VANOVER, YORK & JOHNSON and HAGER & STEWART for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The only question in this case is the proper construction of the following deed:

"This indenture made and entered into this 28th day of July, 1869, by and between Jesse Phillips and Nancy Phillips, his wife, of the county of Pike and State of Kentucky, of the first part, and Harrison Fields, of the county and State aforesaid, of the second part:

"Witnesseth: That the party of the first part, for and in consideration of the love and affection they have for their daughter, Tabitha J. Fields, and the sum of five dollars, to us in hand paid, the receipt whereof is hereby acknowledged, hath granted, bargained and sold, aliened, conveyed and confirmed, and by these presents do grant, bargain, sell, alien, convey and confirm unto Harrison Fields, the party of the second part, his heirs and assigns forever; also his wife's two first children shall be equal heirs with her other heirs; the party of the first part shall use the lands about to be conveyed for grazing lands; a certain tract or boundary of land on Johns Creek and bounded as follows: * * *

"To have and to hold the same with all the appurtenances thereon to Harrison Fields, the party of the second part, his heirs and assigns forever, with covenant to warrant and defend against his heirs, assigns, executors and administrators."

Tabitha Jane Fields, the wife of Harrison Felds, had, at the time of the execution of the deed, two living children, the issue of a former marriage, and one child, the issue of her marriage with Fields. One of the children of the first marriage married Frank Hunt, and afterwards died, leaving surviving her five children, who

after the death of Harrison Fields brought this suit, asserting that they were entitled to an undivided one-third interest in the tract of land described in the deed.

The lower court, as appears from the briefs of counsel, was of the opinion that Harrison Fields took a fee in the land described in the deed, and dismissed the petition of the plaintiffs, who thereupon prosecuted this appeal.

It is argued in their behalf that it was the intention of Jesse Phillips and his wife, grantors in the deed, to convey the land to Harrison Fields for the use and benefit of himself and wife for life, with remainder to all of the children of his wife; or, if not, that it was their intention to convey the land to Fields, to be held by him in trust for the children. As illustrating that it was the intention of the parties to the deed that the three children of Mrs. Fields should each receive one-third of the land described in the deed, it is averred in the petition, to which a demurrer was sustained, that in 1896 Harrison Fields and his wife, without any valuable consideration, conveyed one-third of the land described in the deed to Sarah King, one of the children of Tabitha Jane Fields by her first marriage, and to Catherine Hardin, the only child of her mariage with Harrison Fields, one-third of the land.

If Harrison Fields, as held by the lower court, took the fee in the land, the appellants, who are children of the only other daughter of Mrs. Fields by her first marriage, will not receive any part of the land, as Harrison Fields died some time ago, intestate, and at his death his daughter took by inheritance the remaining one-third, subject to the dower interest of her mother, and she will thereby come into the possession of two-thirds of the land.

The purpose of the grantors is not well expressed, but it is manifest that they intended that the children of their daughter by her first marriage should have an interest in and share equally in the estate with the children of Harrison Fields. Some meaning should be attached to the words ''also his wife's two first children shall be equal with her other heirs,'' but if it should be adjudged that Harrison Fields took the fee in the land, these words would have no effective meaning, as Harrison Fields could have conveyed the land and thereby deprived the children of the first marriage of any interest in it, or if he died intestate, as he did do, the chil-

dren of the first marriage would not inherit any part of it. It is, therefore, plain that to adjudge the fee in Harrison Fields would defeat the expressed intention of the grantors that the children of Mrs. Fields by her first marriage should have an interest in the estate. It is also quite evident that the draftsman of the deed did not have any technical knowledge of how a deed should be written or understand the legal difference between the words "heirs" and "children" when used in instruments like this; but we think the word "heirs" should be construed to mean "children" and the deed interpreted as if it read in substance that the land was conveyed to Harrison Fields, with remainder to all the children of his wife.

It is very true that some parts of the deed if construed according to the usual rules would lead to the conclusion that Harrison Fields took the fee, but when looked at as a whole this construction would ignore the express declaration that the children of his daughter by her first husband should share equally with the other heirs in the estate; and that the parties understood that the children of the daughter both by her first and second marriage were to come into possession of the land, is indicated by the conveyances made by Harrison Fields to two of them, to which conveyances we may turn as aids in getting at what was intended. There is no escape from the conclusion that the grantors intended that the children of Mrs. Fields by her first marriage should have an interest in this land, and this prominent purpose of the grantors should not be entirely disregarded, as it would be by holding that Harrison Fields took the fee, nor should the awkward manner in which the parties gave expression to their intention be permitted to overthrow it.

In the construction of deeds the effort of the court always is to get at the intention of the parties, and if the intention can be arrived at, although it may be out of touch with some expressions in or parts of the instrument, it will have a controlling influence in its interpretation; and it being clear to our minds that the grantors intended to make certain provision for the children of their daughter, we are not inclined to adopt a construction that would defeat this purpose.

Under all the circumstances we think that Harrison Fields took a life estate, with remainder to the children

of his wife, the daughter of the grantors, and, therefore, the appellants are entitled to one-third of the land.

Wherefore, the judgment is reversed, with directions to enter a judgment in conformity with this opinion.