## Mary A. Ratliffe, et al. v. Essie Ratliffe, et al.

Ida Coleman, et al. v. Elijah Coleman, et al.

Nancy Caroline Coleman, et al. v. Wayne Coleman, et al.

Ransom B. Coleman, et al. v. George Lewis Coleman, et al.

J. Lewis Coleman, et al. v. Anthony Coleman, et al.

Katherine Bowling, et al. v. James·L. Bowling, et al.

(Decided November 26, 1918.)

## Appeals from Pike Circuit Court.

1. **Deeds—Construction.**—That construction will be given to a deed which carries with it the intention of the grantor as gathered from a consideration of all parts of it, it being the .cardinal rule in the construction of such instruments that all other rules of interpretation shall surrender to the intention of the grantor if that can be gathered from the language of the entire instrument without doing violence to any part of it.

2. **Deeds—Construction.**—Where a deed between parent and child was executed upon the sole consideration of love and affection and the granting clause limited the estate to the grantee for his lifetime and then to his bodily heirs or the heirs of his body, with the habendum and warranty clauses containing the expression "to him, his heirs and assigns." Held, that the grantee took an estate for his natural life with a vested remainder in his children, and that if any child died without issue, his parents inherited from him his remainder interest.

HAGER & STEWART and AUXIER, HARMAN & FRANCIS for appellants.

JOHNSON & HATCHER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming the judgment in each case.

Prior to August 14,. 1897, Daniel Coleman was the owner of a large boundary of land situated on Calloway fork of the right fork of Peter creek, in Pike county, Kentucky. He divided his land, or a portion of it, among six of his children, to four of whom, on the day mentioned, he executed deeds, and two days thereafter he . executed deeds to the other two. At the time of the execution of the deeds none of the grantees were married except Ransom B. Coleman and J. Lewis Coleman, who

were married and had living children, but the other children, appellants Mary A. Ratliffe, Ida Coleman, Katherine Bowling and Nancy Caroline Coleman, have each since married and have living children. All of the grantees except one have had born to them children who died without issue. Each of the deeds has the same caption and the same habendum and warranty clauses, except as to the name of the particular grantee. The caption in each of the deeds reads: "This deed, made and entered into this 14th day of August, 1897, between Daniel Coleman, of Pike county, Kentucky, party of the first part, and (the grantee named) of Pike county, Kentucky, party of the second part." The habendum and warranty clauses in each deed are in this language: "To HAVE AND TO HOLD THE SAME, together with all the appurtenances thereunto belonging, unto the party of the second part, her (or his) heirs and assigns forever. And the said party of the first part hereby covenants with the said party of the second part that he will warrant the title to the property hereby conveyed unto said party of the second part and her (or his) heirs and assigns forever." The consideration for each deed as expressed therein is "love and affection."

The language used in the granting clause of each deed is slightly different in its phraseology. In the deed to Nancy Caroline Coleman it is, "To the party of the second part to her bodily to her her life time heirs and assigns." To Ida Coleman it is, "To the party of the second part to her her life time and to her bodily heirs assigns." To James L. Coleman it is, "To the party of the second part to him his life time and to heirs of his body, heirs and assigns," To Ransom B. Coleman it is, "To the party of the second part to him his life time then to the heirs of his body and assigns." To Mary A. Coleman it is, "To the party of the second part to her her life time then to her body heirs and assigns." And to Catherine Bowling it is, "To the party of the second part to her her life time and to her bodily heirs assigns."

In each of the deeds there were certain reservations made by the grantor, including his right to occupy or sell the land conveyed during his lifetime. In the deed to his daughter, Ida Coleman, the grantor conveyed to her absolutely, in addition to the land, "one hundred poplar trees from 24 inches up," also "3 acres of coal" which

he had excepted from the deed executed to his son, Ransom B. Coleman.

On April 14. 1917, the grantees, with their husbands and wives. entered into a contract with George W. Dotson by which they agreed to sell and convey all of the coal under the lands conveyed by all of the deeds, together with the usual rights to operate mines for the extraction of coal, and in that contract there is this clause:

"As question has arisen as to whether or not first parties have title to all of said land, the party of the second part agrees to defray all expenses of suit or suits necessary to determine said title. When same has been so determined said first parties agree to convey to said second party or assigns, and said second party agrees to buy and pay for all interests owned by them in the coal and rights above set forth, with respect to said land at the price of $50.00 per acre."

These suits were brought by the grantees and their wives and husbands against George W. Dotson and the children of the plaintiffs, seeking to quiet the title in plaintiffs as against their children, and to enforce a specific performance of the contract for the sale of the coal to Dotson, it being alleged that the grantees in the respective deeds held a fee simple title to the land conveyed, and that it was being given out and circulated that plaintiffs' children owned an interest in the land which constituted a cloud upon plaintiffs' title, and the judgment of the court in construing the deed was prayed for, and an order enforcing the specific performance of the contract whereby a sale of the coal had been made. An alternative prayer in each petition asked that if the court should construe the deeds to convey only a life estate in each of the grantees, that those plaintiffs who had deceased children should be adjudged the owners by inheritance of the interest of such deceased child or children. The trial court construed the deeds to convey only a life interest in each grantee with a vested remainder in their children, and that the parents of each deceased child inherited its interest, and decreed a specific performance of the coal contract to the extent of such inherited interests. and from that judgment the plaintiffs and George W. Dotson prosecute these appeals.

From what has been said it will be seen that the only question presented for determination is the con-

struction of the deeds which Daniel Coleman executed to his children. While, as will be seen from the granting clauses, there is some confusion in the grammatical structure of each, there can be no doubt but that it was the intention and purpose of the grantor to convey to each of his children for and during his or her lifetime, and then to his or her bodily heirs and assigns and this is conceded to be true by counsel representing each of the parties litigant. At common law the words "bodily heirs" or "heirs of the body" meant practically the same thing and were considered as synonymous with the word "heirs," and were thus construed as words of limitation and not of purchase. And before the enactment of sec. 2345 of the Kentucky Statutes perhaps some of the earlier opinions of this court may have adopted the common law interpretation. The section referred to reads:

"If any estate shall be given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or descendants, the same shall be construed to be an estate for life only in such person, and a remainder in fee simple in his heirs, or the heirs of his body, or his issue or descendants."

So the first question for our determination in arriving at a correct construction of the deeds involved is whether the language employed by the grantor therein brings the respective conveyances within that section of the statute. That the respective granting clauses standing alone create such an estate as is contemplated by the statute there can be no doubt, and unless the habendum and warranty clauses, each of which employs language capable of conveying a fee simple title in each of the grantées can be permitted to enlarge the estate conveyed by the granting clauses, the statute will apply.

It is a rule firmly fixed in this jurisdiction that deeds, wills and other instruments must be construed in accordance with the intention of the party who executed them, and such intention must be gathered not from any particular part or clause in the instrument, but by considering it in its entirety. Eggner v. Hovekamp, 134 Ky. 224; Wilson v. Moore, 146 Ky. 679; Virginia Iron, Coal & Coke Co. v. Dye, idem 519; Hunt v. Hunt, 154 Ky. 679; Bone v. Richmond, 33 Ky. Law Rep., 173; American National Bank v. Maddison, 144 Ky. 152; Kelly v. Parsons, 127 S. W. (Ky.) 792; Tanner v. Ellis, idem 996;

Land v. Land, 172 Ky. 145; Atkins v. Baker, 112 Ky. 877, and Lawson v. Todd, 129 Ky. 133.

Illustrating the rule as adopted in the cases referred to and others which might be cited, it is said in the case of Hunt v. Hunt, *supra*:

"There is no escape from the conclusion that the grantors intended that the children of Mrs. Fields, by her first marriage, should have an interest in this land, and this prominent purpose of the grantors should not be entirely disregarded, as it would be by holding that Harrison Fields took the fee, nor should the awkward manner in which the parties gave expression to their intention be permitted to overthrow it. In the construction of deeds the effort of the court always is to get at the intention of the parties, and if the intention can be arrived at, although it may be out of touch with some expressions in or parts of the instument, it will have a controlling influence in its interpretation."

An undue length would be given this opinion to encumber it with excerpts from the other opinions cited. It is sufficient to say that the rule is without exception.

If it should be conceded that there is an irreconcilable conflict between the granting clauses of the deeds under consideration and their habendum and warranty clauses, there is yet another rule prevailing in this state to the effect that the granting clause should prevail unless a contrary intention appears from the instrument. Kelly v. Parsons, *supra;* Virginia Iron, Coal & Coke Co. v. Dye, *supra,* and Hall v. Wright, 121 Ky. 16. That rule as stated in the cases referred to is: "If the granting clause and the habendum are irreconcilable and the other parts of the deed do not make it appear which the grantor intended should control, the granting clause will prevail."

The deeds in the instant cases, as we have seen, were executed between parent and child, the sole consideration being "love and affection." When applied to the interest to be conveyed in the land, the father and grantor was careful to limit the estate to the first taker during his or her *life time,* and then to his or her bodily heirs, or the heirs of his or her body. As seen, the deeds were executed practically at the same time, and were no doubt made so as to constitute one division of the grantor's

lands amongst his children. He conveyed to his daughter, Ida Coleman, three acres of coal and one hundred trees in addition to the land conveyed by the deed to her. He placed no words of limitation upon either of these additional conveyances, but made them to her absolutely, no doubt conceiving that such absolute interest was necessary to enable her to use and appropriate that additional property during her lifetime. This, with other evidences of his intention gathered from the entire deeds, convinces us that he used the words in the granting clause limiting the estate to the first taker advisedly. At least he was evidently fixed in his purpose to confine it as to such taker only during his or her lifetime.

A deed containing almost the same phraseology was involved in the case of Ft. Jefferson Improvement Co. v. Dupoyster, 108 Ky. 792. In that case the deed involved contained this language: "It is expressly agreed and understood that said second party is to deed or will said lands to the bodily heirs of J. C. Dupoyster, in other words the title and possession of said lands is only invested in said second party during his natural lifetime, then to said heirs of J. C. Dupoyster." The habendum clause attempted to convey an absolute estate to the first taker, who was Ben S. Dupoyster, but this court, in construing the deed, held that he took only a life estate, and that by the use of the term "bodily heirs" the grantor meant the children of J. C. Dupoyster.

To the same effect was the holding of this court in a deed of similar phraseology in the case of Eggner v. Hovekamp, *supra*. So we think it perfectly clear that the proper interpretation of the deeds under consideration is that each of the named grantees took only a life estate in the land conveyed during his or her lifetime, with remainder to their children, and since the law favors vested rather than contingent remainders, each of the children as they came into being became vested with their proportionate part of the remainder. McCoy v. Ferguson, 164 Ky. 136; Hall v. Wright, 121 Ky. 16; Same v. Same, 138 Ky. 71; Lawson v. Todd, 129 Ky. 132; May v. Justice, 148 Ky. 696, and Tanner v. Ellis, 127 S. W. (Ky.) 995.

The deeds thus construed would seem then to come strictly within the provisions of the section of the statute, *supra*, and under the various decisions of this court

to which we have referred, there can be no doubt as to the correct interpretation which the trial court gave to each of them, and since the quoted clause from the coal contract compels the lessee, Dotson, to take and pay for whatever interest the owners of the land who executed that contract might have in it, the court properly decreed a specific performance as to him to the extent of each lessor's interest in the leased land which they inherited from their deceased children.

Wherefore, the judgment in each case is affirmed.