## May, et al. v. Justice, et al.

(Decided June 4, 1912.)

### Appeal from Pike Circuit Court.

1. Deeds—Construction of.—In the construction of deeds the intention of the grantor as gathered from an inspection of the entire instrument will control.

2. Deeds—Construction of.—Under a deed conveying land to Nancy J. Justice and her heirs "to have and to hold the same together with all the appurtenances thereunto belonging unto the party of the second part, her heirs and assigns forever" * * * with a habendum clause reading "this land is deeded to Nancy J. Justice during her life and after her death to go to her children," the grantee took a life estate only.

STRATTON & STEPHENSON for appellants.

YORK & JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

In 1879 Abner Justice, Sr., executed in due form the following deed to Nancy J. Justice:

"This deed of conveyance made and entered into this 6th day of October, 1879, between Abner Justice, Sr., party of the first part, and Nancy J. Justice, party of the second part; Witnesseth, That for and in consideration of the love and affection I have for my said daughter, and one dollar in hand paid, do hereby sell and convey

to the party of the second part, her heirs and assigns the following described property, to-wit: * * * To have and to hold the same, together with all the appurtenances thereunto belonging, unto the party of the second part, her heirs and assigns forever; and the party of the first part hereby covenants with said party of the second part that he will warrant the title to the property hereby conveyed to the party of the second part, her heirs and assigns forever. This deed is not to take effect until after my death and the death of my wife, Martha Justice.

"In testimony whereof the party of the first part has hereunto subscribed his name the day and year aforesaid. This land is deeded to Nancy J. Justice during her life and after her death to go to her children."

In 1911, the appellants, who are the children of Nancy J. Justice, who married Joseph May in 1886 and died in 1892, brought this suit against the appellees, Abner Justice and the Mason Coal Company, asking that they be adjudged the owners of the land described in the deed and for judgment against Justice for the value of timber he had cut from the land. They put their right to maintain the action on the ground that the deed only conveyed a life estate to Nancy J. Justice, with remainder to her children, and that as Nancy J. Justice was dead, they were entitled to recover the land and compensation for any timber cut therefrom after her death. While Abner Justice, holding under a deed made to him by Nancy J. Justice purporting to convey the fee, insists that under the deed made to her by Abner Justice, Sr., she took a fee simple estate in the land described in the deed.

To the petition as amended, a demurrer was sustained, the effect of which was to hold that Nancy J. Justice took the fee. The only question for decision is, did the deed convey to the grantee, Nancy J. Justice, a fee or a life estate.

It is apparent that the limitation in the last clause in the deed is inconsistent with the granting clause in the deed; and, it is the contention of counsel for appellees that as the granting clause in the deed conveyed a fee simple estate, the attempt to limit this estate in a subsequent clause in the deed was a nullity and should be disregarded. While it is insisted by counsel for appellants that the deed should be construed as a whole, and the intention of the grantor gathered from all its parts, and

that when so looked at, it was plainly his purpose to only convey to the grantee a life estate.

The case principally relied on by counsel for appellants in support of the proposition that the deed in question conveyed the fee is Ratliffe v. Mars, 87 Ky., 26. But this case is out of line with the later, and indeed with the prior, decisions of this court upon the question being considered, and has been more than once impliedly although not in terms overruled. It was held in that case that a deed made by William Ratliff, Sr., to William Ratliff, Jr., the granting clause of which conveyed the fee, with the habendum "to have and to hold said tracts of land with their emblements to said William aforesaid during his natural life and after that to his heirs forever," conveyed to William the fee and not merely a life estate, with remainder to his children. The court saying in the course of the opinion:

"Thus if an estate be granted to A. in fee simple, and in the habendum to him for life, and thereafter to his heirs generally, this restrictive clause is inoperative, because it contradicts and defeats the grant, unless it can be gathered from the whole instrument that the grantor intended that the restrictive clause in the habendum should control the granting clause."

In Henderson v. Mack, 82 Ky., 379, decided before the Ratliff case:

"The granting clause was 'do hereby sell, grant and convey to the party of the second part, his heirs and assigns, the following described property *  *  *;' the habendum reading 'to have and to hold the same with all the appurtenances thereon unto the second party, his heirs and assigns forever, with covenant of general warranty, during his natural life, and after his death to go to and belong absolutely to Belle Mack, she paying the unpaid purchase money as aforesaid.' "

In holding that the grantee only took a life estate, the court said:

"The office of the habendum clause in a deed is to limit and define the estate granted; while as a general rule it must give way to the granting clause of the deed when clearly contradictory of them, yet it should certainly be resorted to equally with the balance of the instrument to arrive at the intention of the maker, which must govern, when ascertainable. When the intention does not appear, then the words of grant should govern,

if repugnant to the habendum of the deed; but if the intention is apparent, then it should govern.''

In Bodine's Admr. v. Arthur, 91 Ky., 53, the granting clause of the deed construed was "have this day given, bargained, sold and conveyed to Hettie E. Bodine,'' the habendum was "to have and to hold unto the said Hettie E. Bodine, wife of the said B. W. Bodine, and her children by him begotten forever.'' The court held that Hettie E. Bodine took only a life estate, saying that:

''Where it appears from the whole conveyance and attending circumstances that the grantor intended the habendum to enlarge, restrict or repugn the conveying clause, the habendum must control. It is in such case to be construed as an addendum or proviso to the conveyancing clause, which by well settled rules of construction must control the conveyancing clause or premises, even to the extent of destroying the effect of the same. This is so because it is the last expression of the grantor as to the conveyance which must control the preceding expression.''

In Baskett v. Sellers, 93 Ky., 2, the granting clause in the deed read "for and in consideration of natural love and affection, the said party of the first part has for his daughter, the said A. H. B. Farley, and his son, T. L. Farley, parties of the second part, the party of the first part has this day sold and by these presents doth bargain, sell and convey to the parties of the second part the following described land,'' the habendum was "to have and to hold unto them, my said daughter and son, and their children forever.'' In holding that A. H. B. and T. L. Farley only took a life estate, with remainder to their children, the court said:

''For where it appears that the grantor by express words or necessary inference intended to control or limit the implied grant of the fee simple title, although such words or necessary inference appear in the habendum, the habendum must be permitted to have the effect intended.''

Carr v. Field, 25 Ky. L. R., 2206, is another illustration of the principle that the court without regard to technical rules of construction will look to the whole of the instrument for the purpose of ascertaining the intention of the grantor. In that case it appears that by the granting clause the grantee took a life estate, but in the habendum she was in a certain contingency given a fee; and the court said:

"It is perfectly clear from the whole instrument that the grantor in this case intended to invest the fee simple title to the property conveyed in the wife if he should die before her. And when the intention of a grantor in a deed can be fairly ascertained from the entire paper, it must always govern."

In Funkouser v. Porter, 32 Ky. L. R., 676, the court again applying the rule that in the construction of a deed the intention of the grantor should control, said:

"A deed is to be construed like any other instrument. Its meaning is to be determined from the whole paper rather than from the words of a single clause." To the same effect is Atkins v. Baker, 112 Ky., 877.

In Dinger v. Lucken, 143 Ky., 850, it was again said:

"But in all cases the effect of a deed turns upon its proper construction when read as a whole; and if upon the whole instrument it appears that the grantor's intention was to vest a less estate than a fee in the grantee, that intention will be carried into effect, for deeds like other instruments must be construed according to the intention of the parties where that intention is sufficiently expressed in the instrument."

In Wilson v. Moore, 146 Ky., 679, the court again refusing to be controlled by technical rules, held that the court would look to the whole instrument to determine its meaning.

It will thus be seen that with the exception of the Ratliff case, the uniform rule of this court has been to arrive at the intention of the grantor from a consideration of the entire instrument. One clause in a deed will not be given more weight than another, nor will the granting clause be allowed to defeat the intention as expressed in the habendum merely because it is in conflict with it. Applying to the deed under consideration this rule of construction, it is plain that the grantor intended to limit the estate conveyed to a life estate in the grantee with remainder to her children. Unless this construction be given to the deed, then the words "this land is deeded to Nancy J. Justice during her life, and after her death to go to her children" have no effect whatever. It is not to be assumed that the grantor deliberately inserted this clause in the deed without intending it to have meaning, and it can only have the meaning that is clearly expressed in the language used. The place at which this clause is inserted also throws light on the intention of the grantor. The formal words in the granting clause

and the body of the deed are those usually employed in the form of deeds to which this belongs. They are found with rare exceptions in all deeds, and this common form the grantor followed until he came to define exactly the estate he wanted to convey; and this he did at the end of the deed in a separate disconnected clause that plainly showed his purpose. Our opinion is that under the deed Nancy J. Justice took an estate for life, with remainder to her children.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.