### Justice, et al. v. May, et al.

(Decided June 1, 1917.)

Appeal from Pike Circuit Court.

1. Remainders—Action to Recover Land—Estoppel.—Where, in consideration of a conveyance in fee simple of another tract, a woman

having a life estate in land, with remainder to her children, conveys such land by deed of general warranty to her grantor, a suit by the remaindermen, upon their mother's death, to recover the land, together with the market value of the timber cut and removed therefrom, is not a suit for rescission; and the fact that they are unable to restore to their mother's grantor the land conveyed to, and inherited by them from, their mother, will not estop them from recovering the land conveyed by their mother and to which they have title in remainder.

2.  Remainders—Conveyance by Life Tenant—Warranty—Liability of Remaindermen on Life Tenant's Warranty.—Where, upon the death of the life tenant, who has conveyed the land in fee simple by deed of general warranty, her children, who are the remaindermen, bring suit to recover the land so conveyed, together with the market value of the timber cut and removed therefrom, they are liable on their mother's warranty to her grantee to the extent of the market value of land at the time of her death which they inherited from her.

3.  Remainders—Conveyance by Life Tenant—Warranty—Liability of Remaindermen on Life Tenant's Warranty—Set Off.—In such a case, the market value of timber cut and removed by the purchaser from the life tenant cannot be offset against the value of the use of a mill located on the land inherited by the remaindermen from their mother, where the mill has been taken into consideration in fixing the market value of the land so inherited.

4.  Waste—Purchaser From Life Tenant—Liability to Remaindermen.—In such a case, where the deed to the life tenant and remaindermen provides that it is not to take effect until after the death of the grantor and his wife, a claim for timber cut and removed by the purchaser from the life tenant prior to the death of the original grantor and his wife, is due such original grantor and wife, and the purchaser from the life tenant is not liable therefor to the remaindermen.

5.  Remainders—Action to Recover Land—Set Off.—Where, in such an action, the market value of the timber cut and removed by the purchaser is equal to the market value of the land which the remaindermen inherited from their mother, and for which they are responsible on their mother's warranty, the two claims should be offset against each other and plaintiffs given judgment for the land.

J. M. ROBERSON, R. H. COOPER, J. M. YORK and J. R. JOHNSON, JR., for appellants.

STRATTON & STEPHENSON for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming on the original appeal and reversing on the cross-appeal.

On October 6, 1879, Abner Justice, Sr., conveyed to his daughter, Nancy J. Justice, a tract of land on Hurri-

cane creek in Pike county. At the same time he conveyed to his son, Abner Justice, Jr., a tract of land on Sandy river. Each deed provided that it was not to take effect until after the death of the grantor and his wife. Thereafter Abner Justice, Jr., and his sister, Nancy J. Justice, swapped lands, he conveying to Nancy the river tract, while she conveyed to him, by deed of general warranty, the tract on Hurricane creek. When the swap was made both Nancy and Abner, Jr., believed that she had a fee simple title to the tract which she conveyed to Abner, Jr. Nancy, who married Joseph May in the year 1886, died in the year 1893, leaving four children. In the year 1911, her children brought this suit against A. E. Justice (Abner Justice, Jr.) and Mason Coal and Coke Company to recover the land on Hurricane creek and the value of the timber removed therefrom, on the ground that the deed from Abner Justice, Sr., to their mother, Nancy, conveyed to her only a life estate, with remainder to them. The trial court held that Nancy owned a fee in the property and sustained a demurrer to the petition. On appeal, it was held that she took only a life estate, and the judgment was reversed for further proceedings consistent with the opinion. May, et al. v. Justice, et al., 148 Ky. 696, 147 S. W. 409. On the return of the case the defendants, besides other defenses, interposed a plea of estoppel and set up a claim for improvements. The chancellor, after rejecting the claim for improvements and holding the plea of estoppel insufficient, held that plaintiffs were liable on their mother's warranty to the extent of the market value of the river farm, which A. E. Justice had conveyed to, and which they had inherited from, their mother, and fixed the market value of the farm at $1,500.00. He further fixed the market value of the timber which defendants cut and removed from the Hurricane creek farm at $3,750.00, but offset this sum against the value of the use of the mill on the river farm. He then rendered judgment in favor of plaintiff for the Hurricane creek farm, but gave defendants a lien thereon for $1,500.00, the market value of the river farm. Defendants appeal, and plaintiffs prosecute a cross-appeal.

It appears that two of the plaintiffs, after arriving at age, sold their interest in the river farm to G. M. Justice and T. A. Justice, and that, in partition proceedings instituted by G. M. Justice and T. A. Justice, the other two plaintiffs were awarded their part of the river farm and have since taken possession thereof. Proceeding on the

theory that the action by plaintiffs against the defendants was one for rescission, defendants claim that, as plaintiffs have put it out of their power to restore the property which their mother acquired in the trade between her and A. E. Justice, they are estopped to recover the land on Hurricane creek. Manifestly, this contention is unsound. Plaintiffs were not parties to the transaction between their mother and A. E. Justice. Their mother, though having only a life estate in the Hurricane creek tract, attempted to convey the entire fee by deed of general warranty. Having only a life estate, the deed was effective for the purpose of conveying that interest alone and did not affect the remainder interest belonging to plaintiffs. The purpose of this suit was not to rescind the trade between their mother and A. E. Justice, but to recover their own land which they acquired under the deed from their grandfather, Abner Justice, Sr., and which their mother had no right to convey. That being true, the fact that they were unable to restore to A. E. Justice the property which he had deeded to, and which they had inherited from, their mother, does not estop them from recovering the land in question. But, inasmuch as their mother conveyed the Hurricane creek tract by deed of general warranty, plaintiffs were liable on that warranty to the extent of the market value of the property which they inherited from their mother, and as the chancellor gave defendants a lien on the land for a sum equal to such value, it follows that defendants have no ground for complaint.

On the cross-appeal it is insisted that the market value of the river farm at the time of Nancy Justice's death did not exceed $1,000.00. Without setting out in detail the evidence on this question, we conclude that it amply supports the finding of the chancellor, who fixed such market value of the farm at $1,500.00.

When we come to consider the propriety of that portion of the judgment offsetting the claim for timber against the use of the mill on the river tract, a different question is presented. The location of the mill on that tract added materially to its market value and was taken into consideration by the witnesses in fixing such value. The removal of the timber by defendants from the Hurricane creek tract was waste and diminished the value of that tract. They were, therefore, liable for its market value. However, it was not sought to charge them with rents or profits during the time that they occupied that

land. Plaintiffs did not remove the mill, but merely got the benefit of its use. Since they were liable on their mother's warranty only to the extent of the market value of the property which they inherited from her, and since, in estimating its value, the mill was taken into consideration, they should not be charged twice for the same thing by being made to pay not only for the increased market value of the land, because of the location of the mill thereon, but also for the use of the mill itself. We, therefore, conclude that the chancellor erred in offsetting the claim for timber against the value of the use of the mill. However, we conclude that the market value of the timber cut and removed by the defendants was fixed too high. The deed from Abner Justice, Sr., and wife to Nancy Justice provided that it was not to take effect until after the death of both Abner Justice, Sr., and his wife. His wife did not die until the year 1904. Hence, any claim for timber cut and removed prior to that time was due entirely to Abner Justice, Sr., or his wife, and defendants are not responsible therefor to plaintiffs. Eliminating the timber that was cut prior to the death of the wife of Abner Justice, Sr., the evidence is not sufficient to show that the market value of the timber cut and removed, and for which defendants were liable to plaintiffs, exceeded the sum of $1,500.00; and, since plaintiffs were liable in that amount on their mother's warranty, their claim for timber should be offset against such liability. Under these circumstances, the chancellor should have adjudged that plaintiffs were the owners of the Hurricane creek tract and have denied defendants any lien for the market value of the land which plaintiffs inherited from their mother.

Wherefore, the judgment is affirmed on the original appeal and reversed on the cross-appeal, and cause remanded for proceedings consistent with this opinion.