## Jackson, et al. v. Gourley, et al.

(Decided January 20, 1925.)

## Appeal from Lee Circuit Court.

1. Deeds—Deed Held to Convey All Land that Grantor Owned Between Ridge and Parties' Dividing Line.—Deed covering all land lying in head of fork of a stream on which grantee lived, and running with ridge that lay between grantor's and grantee's farms, held to convey all land lying at head of the fork of such stream and between such ridge and dividing line of parties' respective farms, though containing greater acreage than recited.

2. Evidence—Evidence Tending to Vary Unambiguous Deed Held Incompetent.—Where there was no ambiguity in language employed by parties to designate what land grantor intended to convey to grantee, all evidence tending to vary terms of written instrument was incompetent.

D. C. HOWELL and BLAKEY & BLAKEY for appellants.

E. B. ROSE and GOURLEY, GOURLEY & PARRISH for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

On the 16th day of June, 1888, John R. Begley and Perry Begley owned and lived upon adjoining tracts of land in Lee county, Kentucky. The Perry Begley tract lay north of that owned by J. R. Begley. The dividing line between the two farms did not run east and west but rather from northeast to southwest. . Perry Begley lived on one of the forks of Kelly's branch, which flowed into Duck fork of Sturgeon creek. The forks of Kelly's branch on which he lived arose near the dividing line between them and flowed in a general northeastern direction. South of the dividing line between the lands owned by the two Begleys there ran a well defined ridge which was the southern watershed of the fork of Kelly's branch on which Perry Begley lived. The southwestern corner of Perry Begley's tract of land and the beginning corner of the dividing line between them stood on that ridge. From that corner the ridge ran off into the J. R. Begley land and in a sweeping curve ran in a general northeastern direction on J. R. Begley's side of the line for a considerable distance and then crossed the dividing line between the two farms into the lands of Perry Begley.

As the ridge mentioned and the dividing line between the two farms were then located there lay north of the ridge and between it and Perry Begley's tract, a long, narrow strip of land, which was a part of the J. R. Begley tract. On June 16, 1888, John R. Begley and his wife conveyed to Perry Begley the following described tract of land: "The land hereby conveyed lies in Lee county, Kentucky, and described as follows: All the land lying in the head of the fork of Kelly's branch, waters of Duck fork of Sturgeon creek, that Perry Begley now lives on and north of the ridge and running with said ridge that lies between John R. Begley's and Perry Begley's, supposed to contain five acres, be the same more or less." Following the purchase of that tract of land Perry Begley erected a storehouse on the southwest corner of it, cleared up approximately four acres of it and enclosed the clearing with a portion of the land previously owned by him. In 1906 Perry Begley sold the tract of land which he previously owned, together with the small tract he so purchased, to the New Domain Land Company. The lands were surveyed and the boundary was described in the deed by metes and bounds as established by the survey. The line was run on the crest and with the contours of the ridge above mentioned and all the land that lay north of that ridge was included in the deed. After its purchase the New Domain Land Company sold the timber from the Perry Begley tract to one Brandenburg, and he cut and removed from all the land north of the ridge all the merchantable timber without question or controversy so far as the record discloses. It subsequently sold the land in question to Chester Gourley, the appellee herein. Shortly after making the deed to Perry Begley, John R. Begley conveyed the remainder of the tract of land owned by him to his wife, Catherine Begley, the deed reciting that the boundary conveyed to her at the point now in controversy ran with the line of Perry Begley. In 1911, Catherine Begley conveyed 12½ acres of the land that lays north of the ridge above mentioned to one of her sons-in-law, and it has passed by subsequent conveyances to appellant, C. C. Jackson. It appears from the survey of the land lying between the boundary line of the J. R. Begley and Perry Begley tracts and the ridge in question that there is contained between the line and the ridge between 16 and 17 acres of land. Appellants contend that the 12½ acres which they claim in this lawsuit was not included in the

deed from J. R. Begley to Perry Begley, but was included in the deed from J. R. Begley to Catherine Begley; that appellees claiming under the deed from J. R. Begley to Perry Begley have failed to establish that they own the 12½ acres in controversy and that they claiming under the deed from J. R. Begley to Catherine Begley have established that they own it; and that, therefore, the judgment of the court below which adjudged the land to belong to appellees under the Perry Begley deed is erroneous.

The testimony of three surveyors is found in the record—that of one of them for appellants, and that of two of them for appellees. We find no controversy in the testimony of the three surveyors respecting the location of the dividing line between J. R. Begley and Perry Begley when the deed was made in 1888 and respecting the existence and location of the ridge as described above. Bearing in mind that a well defined ridge ran from the dividing line between their two farms near the southwestern corner in a northeasterly direction for some distance and then ran back across the dividing line into the Perry Begley farm, leaving a small portion of the John R. Begley tract lying between the ridge and the dividing line which lay north of the ridge, and considering those facts in connection with the language used by the parties in the deed by which John R. Begley conveyed the tract of land to Perry Begley, there seems to us to be absolutely no doubt and no ambiguity as to what land was intended by the parties to be conveyed by the one to the other. There is absolutely no controversy in the proof in this record as to the relative location of the ridge and the dividing line. In writing the opinion we are using the map prepared by appellants' surveyor and filed by them as part of the record herein, and it shows the relative location of the dividing line and the ridge clearer than any of the maps filed with the record. Perry Begley lived on one of the forks of Kelly's branch. That fork of Kelly's branch rises near the southwestern corner of the dividing line between the two farms and north of the ridge in question. Considering the description of the tract of land conveyed by the deed of June 16, 1888, from J. R. Begley to Perry Begley, there seems to us to be no room for doubt but that by the recitations of the deed the parties intended that John R. Begley conveyed and Perry Begley purchased all the land lying on the head of

that fork of Kelly's branch on which Perry Begley then lived that lay north of the ridge and between it and the dividing lines of the respective farms. The language of the deed in question quoted above seems to us to be susceptible of no other construction. Our conclusion as to what the parties meant by what they said in the deed in question is so plain and obvious that the deed can not be said to be in any particular uncertain or ambiguous. That conclusion settles the question presented to us by this appeal. Much testimony was taken for appellants as tending to establish that by the deed in question J. R. Begley did not convey to Perry Begley all of the land lying north of the ridge between him and Perry Begley, but only about four acres lying north of the southwestern end of the ridge. The chief point they make is that if we adopt the construction of the deed that we have given above there were conveyed instead of five acres approximately 17 acres by the deed in question. The number of acres said to be contained within the boundary of a tract of land conveyed has perhaps the least influence of any of the things that we may consider in determining what land the deed conveys. That is especially true in a case where, as in the deed in question, the parties so clearly indicate that they did not know and were merely roughly estimating the acreage of the land conveyed. The boundary line between the two farms at the time the deed in question was made was either known to the parties or its location could be established by a survey. The ridge in question, the crest of which constituted the southern watershed of that fork of Kelly's branch on which Perry Begley lived, was a natural monument, the location of which could not be questioned and which could not be changed by time or any of the elements of nature. There being no ambiguity in the language employed by the parties to designate what land J. R. Begley intended to convey to Perry Begley, all of the evidence tending to vary the terms of the written instrument was incompetent.

The court below adjudged that appellees claiming under the deed from J. R. Begley to Perry Begley own all of the land lying north of the ridge mentioned, including the 12½ acres claimed by appellants, and perpetually enjoined them from trespassing upon it. Perceiving no error in that judgment it will be affirmed.