## McKnight et al. v. Black et al.

(Decided October 30, 1931.)

.W. D. O'NEAL and H. R. BURKE for appellants.

VINSON & MILLER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Benjamin F. Black, a citizen and resident of Boyd county, died intestate on June 18, 1903. He then owned.

and had owned for a considerable time prior thereto, a farm in that county containing several hundred acres. He left surviving him five children and his widow, the latter of whom has since died. Four of his surviving children were boys, and the only daughter, Annie Belle, had, prior to her father's death, married a Mr. McKnight, and there was born to them some children who are the plaintiffs and appellants in this action. Following the death of Benjamin F. Black his children agreed among themselves upon a division of the farm which they jointly inherited from their father, and also amicable arrangements were entered into with reference to the dowable interests of the surviving widow. Partition deeds were executed pursuant to the division agreement, the one made to Annie Belle McKnight being executed by her brothers and their wives, and it is the interpretation of that deed that forms the only question in this case. The draftsman of the deed attached to it a preamble in which the date of the death of Benjamin F. Black is recited, and that he was seized of the farm, and that he made a verbal will before his death by which he divided his farm among his children, or designated the particular portion that he desired each to receive. It is then recited that the deed was executed pursuant to that division which the heirs accepted after his death in deference to his wishes.

The involved parts of the deed then follow, and so much of them as is necessary for the determination of the question presented is in these words:

"Now, therefore, this indenture, made and entered into this the 25th day of Aug., 1903, between J. O. Black and Sarah A. V. his wife, Frank F. Black and Mary Louise his wife, Sherman C. Black, and Sarah F. his wife, W. M. Black and Ollie his wife, parties of the first part, and Annie Belle McKnight and the Heirs of her body parties of the second part. Witnesseth that for and in consideration of the premises and One Dollar Cash in hand paid the receipt of which is hereby acknowledged and the further consideration of having executed the last will and wishes of the aforesaid Benjamin F. Black, do hereby sell, grant and convey to the parties of the second part, the following described real estate to-wit: . . . To have and to hold the same with all the rights, privileges and appurtenances thereunto belonging, or in anywise appertain-

ing unto the said second parties, their heirs and assigns forever with Covenant of General Warranty.''

Some time in 1930 (the exact date not being stated in the petition) Annie Belle McKnight and her husband contracted to sell the tract of land conveyed to her by her brothers' partition deed to the appellees and defendants, and they performed that contract by later executing to their vendees an absolute general warranty deed. Upon that being done, plaintiffs, who are the children of Annie Belle McKnight and her husband, filed this equity action in the Boyd circuit court against defendants, the vendees of Annie Belle McKnight and her husband. In their petition plaintiffs averred that their grandfather, Benjamin F. Black, made a verbal will before his death concerning his land, the terms of which were in substance the same as those recited in the preamble to the partition deed, and that it was executed pursuant to that alleged verbal will, and that by its terms the land was conveyed jointly and equally to Annie Belle McKnight ''and the Heirs of her body,'' which phrase plaintiffs aver should be construed as ''children.''

It is, therefore, contended and alleged in the petition, that Annie Belle McKnight, their mother, became vested under the partition deed with only her joint aliquot part of the land thereby conveyed, and that the deed executed by her and her husband in 1930 to defendants in no event conveyed any more than her undivided part. As such alleged joint owners plaintiffs appropriately sought a sale of the tract of land for division among its owners (as so contended) on the ground that it could not be divided without materially impairing the share of each alleged joint owner. The demurrer of the defendants filed to the petition was sustained, and, upon plaintiffs declining to plead further, their petition was dismissed, to reverse which they prosecute this appeal.

The most outstanding case relied on by counsel for plaintiffs in their briefs is that of Combs v. Eversole, 64 S. W. 524, 23 Ky. Law Rep. 932, and the response to the petition for rehearing, 65 S. W. 606, 23 Ky. Law Rep. 1499. In that case, as in all others coming before this court both before and since, we approved the universal rule as adopted by all courts that the words ''heirs'', ''heirs of the body,'' and other expressions of similar import, are usually words of limitation and not of purchase, and that they will be given such effect, unless it

appears from the context of the writing containing them that it was the intention and purpose of the one who executed it to attach to them a different significance, so as to compel the interpretation that they were employed as words of purchase. Perhaps as many as fifty or more cases from this court could be cited in substantiation of that rule with the stated exception, and each of them was determined from the particular phraseology of the instrument under investigation. Therefore, since all the cases are to the same effect (i. e., acknowledge the general rule, but vary it according to a clearly indicated contrary intention), we deem it unnecessary to catalogue them in this opinion. Suffice it to say that in two of the cases following the Combs opinion (Lawson v. Todd, 129 Ky. 132, 110 S. W. 412, 33 Ky. Law Rep. 557, and Williams v. Ohio Valley Banking & Trust Co., 205 Ky. 807, 266 S. W. 670) the latter was referred to, but not in expressed approving terms. However, an attempted differentiation between the phraseology of the instrument therein involved and that under consideration in the two later cases referred to was made, but there was no manifest approval in either of the later cases of the conclusion reached in the Combs opinion, nor do we deem it necessary to venture an opinion on that subject in this one.

It must be conceded that the instrument construed in the Combs opinion on its face is very similar to the deed here involved, but the facts relating to the situation of the parties are widely different. More frequently than otherwise the words under consideration are found in wills, or in deeds executed by parents to children, or by husbands to wives, but it does not appear in our opinions in the Combs case whether that was true or not. However, the fact of such relationships alone furnishes an inclination on the part of the courts to seize upon facts that would authorize an interpretation giving to such words a purchasing effect, inasmuch as such an intention might be supposed to have been entertained by the classes of grantors or devisors who executed them. The instant case, however, possesses no such supposedly influencing fact, and the deed is only what is usually denominated a "partition" deed. Benjamin F. Black, we repeat, died intestate, and Annie Belle McKnight immediately became vested, by inheritance, to her aliquot part of his entire real estate, subject only to the dowable interest of her surviving mother. The actual effect of the partition deed was only a relinquishment of the joint

interests of her brothers in and to the particular portion of the entire jointly inherited land that was allotted to her. She in turn joined in other partition deeds to her brothers wherein she relinquished her joint share in the portions separately conveyed to them. The partition deed here involved did not increase the share of plaintiff's mother in the land of which her father died seized one iota. Its only effect was to gather up her entire fractional interests in the whole of her father's land and make of it the entire title to her separate portion.

That being true, how can it be said that it was the intention and purpose of the grantors in the execution of the partition deed to Annie Belle McKnight to reduce her interests in her father's real estate from an absolute title to one jointly owned by herself and children in equal parts? The partition deed did not convey to Mrs. McKnight anything that she did not already own, nor did the grantors therein reduce their inherited interest in the land by executing it. The entire process of division was but a means provided by law whereby the joint interest in the whole would be converted into an entire interest of each joint owner in his particular part. Such a situation, which the petition in this case discloses, refutes any intention of the parties that the words "Heirs of her body" should have any other effect than that given them by the general rule, supra, i. e., limitation, and for which reason the case should not be governed by the reasoning employed in the Combs opinion, even if its soundness was unquestioned, but upon which we express no opinion.

We conclude that further elaboration is unnecessary, and that the court properly sustained the demurrer to and dismissed the petition, and its judgment in doing so is affirmed.