# Combs v. Slone et al.

January 27, 1948.

Edward P. Hill, Judge.

Leroy Combs and Kilmer Combs for appellant.

Carl Perkins and Clark Pratt, Guardian Ad Litem for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

On the first appeal the cause was remanded to the Trial Court, in order that the infant children of appellees, who were the only parties adversely affected by the judgment, might be made parties to the action. Combs v. Slone et al., 304 Ky. 415, 200 S. W. 2d 926. This has been done, and the Court entered a judgment decreeing that the infant children took no interest in the real estate in question by reason of a deed under which appellees claim a fee-simple title to the property. Eliminating the description of the property, the deed reads:

"This deed between W. T. Bailey and Hattie Bailey, his wife, parties of the first part and N. V. Slone and Merdie Slone, his wife, and the heirs of Merdie Slone belonging to N. V. Slone, parties of the second part,

"Witnesseth: That said parties of the first part for and in consideration of the sum of One Thousand ($1000.00) Dollars in hand paid, the receipt of which is being acknowledged, do hereby sell, grant and convey to the parties of the second part their heirs and assigns the following described property, to-wit:

"A certain tract or parcel of land lying and being in Knott County, Kentucky, and on the Bailey Fork of the Left Fork of Troublesome Creek, and bounded as follows:

\*        \*        \*        \*        \*        \*

"To have and to hold the same, together with all the appurtenances thereunto belonging unto the parties of the second part their heirs and assigns forever, with covenants of Special Warranty.

"In testimony whereof, witness our signatures this 6 day of February, 1943.

"W. T. Bailey
"Hattie Bailey"

KRS 381.070 provides: "All estates heretofore or hereafter created, which, in former times, would have been deemed estates entailed, shall henceforth be held to be estates in fee simple; and every limitation on such an estate shall be held valid, if it would be valid when limited upon an estate in fee simple."

In Fairchild et al. v. Fairchild et al., 237 Ky. 700, 36 S. W. 2d 337, the property was granted to "L. G. Fairchild and Dora Fairchild and their heirs and L. G. Fairchild's heirs." Fairchild had been married twice, and at the time the deed was executed had four children by his first wife and three by his second. After his death one of the children by his first wife contended that the deed in question granted to Fairchild and his second wife a mere life estate, with remainder over to the children of both marriages. The Chancellor decided that L. G. Fairchild and Dora Fairchild were the owners of the fee-simple title to the property; that decision was affirmed by this Court. In Belcher et ux. v. Ramey et al., 173 Ky. 784, 191 S. W. 520, 521, land was conveyed to "Harvey G. Belcher and Victory Belcher, his wife, and the heirs of her body." The Chancellor came to the conclusion that the deed created an estate tail under the common law, which, by Section 2343, Carroll's Kentucky Statutes (now KRS 381.070), was converted into an estate in fee simple to the named grantees.

The wording in the Belcher deed is almost identical with that in the deed presented for construction in this case. At the common law the estate conveyed would be construed to be an estate tail. Blackstone's Commentaries on the Laws of England, Book II, Chapter 7, pp. 110, 111. It follows that the estate granted to N. V. Slone and Merdie Slone by the Bailey deed, under the provisions of KRS 381.070, supra, must be held to be an

estate in fee simple; and the Chancellor correctly decreed that appellees may convey a fee-simple title to the property.

The judgment is affirmed.