## Gearheart et al. v. Little et al.

May 26, 1950.

Edward P. Hill, Judge.

Combs & Combs for appellants.

Joe Hobson for appellees.

CHIEF JUSTICE SIMS—Affirming.

The one question presented on this appeal is whether the deed quoted in the next paragraph conveyed the fee or merely a life estate to grantee with remainder to her children. The grantors are parents of the grantee, who subsequently conveyed the property, and her children brought this declaratory judgment action in which they set out the deed and ask the court to adjudge that their mother took only a life estate and they took the remainder in fee. The chancellor sustained a general demurrer to the petition as amended and upon appellants' refusing to plead further, dismissed their petition.

The deed reads:

"This Indenture made and entered into this 15 day of January 1916 between James Newman and Darkus Newman, his wife of Floyd County of same Co. and State of Kentucky, of the first part and Darkus Gayheart and her *bodby* heirs of Floyd, County of the same Co. and State aforesaid of the second part:

"Witnesseth: That the parties of the first part, for and in consideration of the sum of and this being Darkas Gayheart and her *Bodby hins* entire interest in my land as described, the receipt of which is hereby acknowledged, have bargained and sold and by these presents, does bargain, sell, and convey unto the said party of the second part, a certain tract or parcel of land laying in Floyd County, Kentucky and described as follows: (Description)

"To have and to hold said tract of land, with the appurtenances thereunto belonging unto the party of the second part, their heirs and assigns forever, with covenants of General Warranty."

Appellants correctly state the rule, that in construing a deed the courts will attempt to ascertain the intention of the grantor gathered from the instrument as a whole, Hays v. Kentucky-West Virginia Gas Co., 290 Ky. 174, 160 S.W.2d 376, and if the wording of the instrument admits of two constructions, one indicating a fee and the other a life estate, the court will adopt that construction favoring a fee. Fairchild v. Fairchild, 237 Ky. 700, 36 S.W.2d 337. They insist that as the grantors in the deed under consideration used in two phrases words which it is evident they intended for grantee and "her bodily heirs," and as the acknowledgement used these same words and as the consideration in the deed was to give the grantee her prospective interest in her parents' estate, and as the habendum contained the phrase "to have and to hold * * * unto the party of the second part, their heirs and assigns forever," it is manifest the intention of the grantors was to give their daughter a life estate with remainder to her children; and that they used "bodily heirs" as meaning children.

We are unable to accept this line of reasoning. But admitting for the sake of argument, grantors used "bodily heirs" as meaning children, and that in the habendum instead of writing "unto the party of the second part, their heirs and assigns forever" had they written "unto the party of the second part, their children and assigns forever," still grantee would have taken a fee and her children nothing. We have many times written that when the word "children" is followed by the word "forever," then "children" is construed as heirs, and "children forever" are construed as words of limitation and not of purchase and the grantee takes the fee in the absence of language clearly indicating a contrary intention. Eakins v. Eakins, 191 Ky. 61, 229 S.W.2d 130; Williams v. Ohio Valley Banking & Trust Co., 205 Ky. 807, 266 S.W. 670, and the authorities cited in the Eakins opinion. We find no indication in the deed before us that grantors intended their daughter to take only a life estate as they were giving her what was her prospective interest in their estate, which would be hers absolutely

and not just for life. See Massingale v. Parker, 193 Ky. 523, 236 S.W. 959.

The chancellor's judgment does not show how he arrived at his conclusion that the grantee took the fee. If he did not travel the route outlined in the paragraph just above, then he must have reasoned that the deed in conveying the land to the grantee and her bodily heirs created an estate tail, which KRS 381.070 converts into a fee, therefore, grantee took the title in fee. Combs v. Slone, 306 Ky. 419, 208 S. W. 2d 304.

Appellants put their chief reliance in American Nat. Bank v. Madison, 144 Ky. 152, 137 S. W. 1076, 38 L. R. A., N. S., 597; Eyl v. U. S. Coal & Coke Co., 243 Ky. 725, 49 S. W. 2d 1021; Combs v. Eversole, 64 S. W. 524, 23 Ky. Law Rep. 932 (response to petition for rehearing 65 S. W. 606, 23 Ky. Law Rep. 1499). In the Madison case the deed recites that it was executed in consideration of the love and affection grantors have "for Josephine Madison, who is their daughter, and her children." The habendum was to the daughter "and her bodily heirs." There, we gave "bodily heirs" the same meaning as "children," since the deed plainly showed the intention of grantors was to provide a home for their daughter and her children in which the former took a life estate and the fee vested in the latter. It will be noted that in the habendum in the Madison deed the phrase "Josephine Madison and her bodily heirs" is not followed by the word "forever," while in the deed we are considering the word "forever" does follow "their heirs and assigns."

In Ely v. U. S. Coal & Coke Co., 243 Ky. 725, 49 S. W. 2d 1021, 1022, the deed recites, "and on consideration of the love and affection which the first parties have for their daughter the said Mary Day and for the heirs of her body begotten, their grandchildren * * * said first parties * * * convey unto the said second parties * * *" In the course of that opinion it was said that when the "heirs of her body begotten" are referred to as grandchildren by the grantors, it is beyond doubt that the deed conveyed a life estate to the mother with remainder to her children, since the language used shows the grantors could have had no other intention.

In commenting on the Combs case, 64 S. W. 524, 23 Ky. Law Rep. 932 (response to the petition for rehear-

120

ing 65 S. W. 606, 23 Ky. Law Rep. 1499) the opinion in McKnight v. Black, 240 Ky. 818, 43 S. W. 2d 53, 55, said the Combs opinion approved the universal rule that such words as "heirs," "heirs of her body" and other words of like import, are construed as words of limitation and not of purchase unless it appears from the context of the instrument that the maker thereof attached a different significance so as to compel them to be interpreted as words of purchase. It was then pointed out that the phraseology used in various instruments guide the interpretation to be given to such words, and ended the discussion by saying, "but there was no manifest approval in either of the latter cases (meaning opinions referring to the Combs case) of the conclusion reached in the Combs opinion." It is manifest the Combs opinion was based on the peculiar wording of the instrument there under construction and it is likewise manifest that the two cases mentioned in the McKnight opinion as referring to the Combs case did not approve of the construction the Combs opinion put on the instrument then under consideration.

The chancellor correctly decided that the grantee took the fee, and his judgment is affirmed.