**HARVEY et al. v. MORAN'S ADM'R et al.**

Court of Appeals of Kentucky.

Jan. 18, 1952.

Carl F. Eversole, Richmond, for appellants.

George T. Ross, Richmond, for appellees.

MILLIKEN, Justice.

The appellants are the heirs of Buana Moran who died intestate in 1945, and the appellees are the heirs and personal representative of Joseph Moran who survived his wife by two years. The appellants claim that they are entitled to a one-half interest in real estate which had been conveyed to Joseph Moran and Buana Moran in 1927 and to an interest in their personal property.

On April 11, 1927, Joseph Moran and Leonard Kelley acquired the title to 22.75 acres of land in Madison County, Kentucky, from Ruther and Ella Whittaker. The wives of Moran and Kelley were not named as grantees in this deed. Five days later, on April 16, 1927, Joseph Moran and Leonard Kelley divided the 22.75 acres, Moran getting a tract of approximately 13 acres while Kelley received the balance. Their wives, Buana Moran and Minnie Kelley, joined in the execution of the deed and were also made grantees to the respective tracts along with their husbands. The deed was denominated "(Partition) Deed," and the portion of it pertinent to this litigation reads as follows:

"This Indenture, made and entered into this the 16 day of April, 1927, between Joseph Moran and his wife, Buana Moran of Newby Madison County, Kentucky parties of the first part, and Leonard Kelley and wife Minnie Kelley, of Newby Madison County, Kentucky parties of the second part.

"Witnesseth, That whereas the parties above named, are possessed of a certain tract or parcel of land situated in the County of Madison and State of Kentucky, on the waters of Silver Creek, containing 22¾ acres which land was recently purchased, by the above named parties, from Ruther Whittaker and Ella Whittaker, which is evidenced by a deed bearing date of 11 day of April, 1927, and is of record in the Madison County Court Clerk's office in deed book No. 103 page 116 to which reference is hereby made. Now we the undersigned do hereby make full, complete and absolute partition, of said land as follows, viz.: The said parties of the first part are to take have and hold as their share of said land that portion which is set apart to them, and is bounded and described as follows: * * * and all of the aforesaid parties except the parties of the first part, do by these presents forever quit claim release and convey to them their heirs and assigns forever the parcel or tract of land set apart to them as aforesaid with all of the appurtenances thereunto belonging.

"The parties of the second part are to take and have and hold as their share of the aforesaid land that portion which is set apart to them and is bounded and described as follows: * * * and all of the aforesaid parties of the second part do by these presents forever quit claim, release and convey to them their heirs and assigns forever, the parcel or tract of land set apart to them as aforesaid with all of the appurtenances thereunto belonging.

"In Testimony whereof we hereunto set our hands this the 16th day of April, 1927.

"Joseph Moran
"Buana Moran
"Leonard Kelley
"Minnie Kelley"

The chancellor decided that Buana Moran acquired no greater interest in the land by way of the "(Partition) Deed" than the inchoate dower interest she acquired when her husband acquired the property from the Whittakers, and we think he was correct in his ruling. The general rule is stated in 40 Am.Jur., Partition, Section 126: "An actual partition of land is generally held to create no new title to the shares set off to the parties to be held in severalty, whether the partition is made by act of the parties or by a judgment or decree of the court. While its effect is to locate the share of each in his allotted parcel of the land, and extinguish his interest in all the others, the title by which he holds his divided share is the same as that by which his undivided interest in the estate in common was held. Deeds in partition do not operate as an estoppel except to establish the extent of the interest of each tenant in his ancestor's land. Since a cotenant derives no title or interest from his cotenant by a deed of partition so that he can be said to hold under the other, but merely severs the unity of possession, the including of the husband or wife of a cotenant as a grantee in the deed gives such husband or wife no greater title or interest in the property than he or she had before the partition; and the great weight of authority sustains the rule that the legal effect of a partition deed from the other tenants in common to their cotenant and his or her spouse is not to create an estate by the entirety, but merely to designate the share of the tenant, so that it may thereafter be held in severalty. The rule is applied even if the other spouse is included as a grantee by direction of the cotenant."

This general principle of law was followed by this court in McKnight v. Black, 240 Ky. 818, 43 S.W.2d 53, 55, where it was said: "The actual effect of the partition deed was only a relinquishment of the joint interests of her brothers in and to the particular portion of the entire jointly inherited land that was allotted to her. * * * The partition deed here involved did not increase the share of plaintiff's mother (Mrs. McKnight) in the land of which her father died seised one iota. Its only effect was to gather up her entire fractional interests in the whole of her father's land and make of it the entire title to her portion. * * * The partition deed did not convey to Mrs. McKnight anything that she did not already own, nor did the grantors therein reduce their inherited interest in the land by executing it. The entire process of division was but a means provided by law whereby the joint interest in the whole would be converted into an entire interest of each joint owner in his particular part. * * *"

See, also, Simmons v. McKay, 5 Bush 25, 68 Ky. 25. For other authority on the subject, see Cottrell v. Griffiths, 108 Tenn. 191, 65 S.W. 397, 57 L.R.A. 332; Holt v. Holt, 185 Tenn. 1, 202 S.W.2d 650, 173 A.L.R. 1210; Eilts v. Moore, 117 Ind.App. 27, 68 N.E.2d 795; Brady v. Paine, 391 Ill. 596, 63 N.E.2d 721, 162 A.L.R. 138; Harrison v. Ray, 108 N.C. 215, 12 S.E. 993, 11 L.R.A. 722.

Much testimony was admitted to prove that Joseph Moran intended his wife to have a half interest under the deed. The testimony was not sufficient to establish such an intent on Moran's part, and his intent must be gleaned from the deed and not from parol testimony on that issue. Johnson v. Johnson, 297 Ky. 268, 178 S.W.2d 983. Only where there is fraud or mistake in the inception or execution of an instrument of writing may parol evidence be admitted. Dawson v. Dawson, 226 Ky. 750, 11 S.W.2d 933; Jackson v. Gourley, 206 Ky. 712, 268 S.W. 322. Counter evidence was offered to show that Moran considered the property solely his own because he paid the taxes and insurance and executed an oil lease as if he were the sole owner.

The evidence offered by the appellants to prove that some of the personal property belonged to Mrs. Moran was unconvincing.

We conclude that the findings of the chancellor were correct, and the judgment is affirmed.