**Mrs. Phillip BARTLEY et al., Appellant,**

v.

**Ernest POTTER et al., Appellee.**

Court of Appeals of Kentucky.

Feb. 19, 1960.

Rehearing Denied May 13, 1960.

E. D. Stephenson, Pikeville, for appellant.

V. R. Bentley, Pikeville, for appellee.

MOREMEN, Judge.

The question presented by this appeal is: Did a deed to George W. Potter pass a fee simple title to him, or did he, as grantee, receive only a life estate with a remainder interest in his children?

The granting clause reads:

"Witnesseth: That the said parties of the first part, for and in consideration of the sum of Five Hundred Dollars in hand paid in land, the receipt of which is hereby acknowledged, do hereby sell and convey to the part of the second part, his bodily heirs and assigns, the following described property, to-wit:

"A certain tract of land * * *"

Then a particular description of the conveyed land follows:

"* * * containing one hundred acres by the same more or less sd. party of the second part is to have X to use the above described boundary of land as long as he live and at his natural death then to go to his bodily heirs and further description of sd. land can be found recorded in the Pike County Court Clerk's office * * *"

The habendum clause reads:

"To have and to hold the same, together with all the appurtenances thereunto belonging, unto the part of the second part, his bodily heirs and assigns forever."

The trial court held that the deed conveyed a fee simple title to George W. Potter, but did not set forth the reasons upon which he based his opinion.

It is argued by appellees that the use of the words "heirs of his body" or "bodily heirs," created a common law estate tail which was, by KRS 381.070, converted into a fee simple estate.

The argument overlooks the fact that the deed we have under consideration does not use the words "bodily heirs" alone but, in addition, states specifically that the second party is to have and use the property "as long as he live and at his natural death then to go to his bodily heirs."

■ At times we have resorted to highly technical rules in interpreting instruments such as we have here in order to reconcile inconsistent clauses and, in cases of actual repugnancies, have given one clause priority over the other. Sherman v. Petroleum Exploration, 280 Ky. 105, 132 S.W.2d 768, 132 A.L.R. 137. Still, our principal rule has been that the parties must have intended to give some meaning to the words used, and deeds will be interpreted so as to make all of their provisions operative if the terms are susceptible of such an interpretation.

In May v. Justice, 148 Ky. 696, 147 S.W. 409, it was pointed out that the uniform rule of this court has been to arrive at the intention of the grantor from consideration of the entire instrument and that one clause in a deed will not be given more weight than another. See also Gearheart v. Little, 313 Ky. 116, 230 S.W.2d 472.

When we return to the facts of the instant case we find that the only inconsistency which might appear in the instrument is raised by KRS 381.070, which has no application here. The applicable section is KRS 381.090, which reads:

"If any estate is given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or descendants, such estate shall be construed to be an estate for life only in such person, and a remainder in fee simple in his heirs, or the heirs of his body, or his issue or descendants."

■ We believe the instrument has no inconsistency. The granting clause and the habendum clause contain inept words which might, taken alone, have caused confusion, but certainly are plain when considered with the expressions used in the descriptive clause of the deed. The fact that this latter clause is out of place does not render it inoperative or meaningless. We think the instrument plainly creates a life estate and we find no inconsistency in any of the language used.

Wherefore the judgment is reversed with directions to proceed in conformity with the interpretation we have given in this opinion.